## THE PEOPLE v. BERNAL.

There is no precise age within which children are excluded from giving testimony. Their competency is to be determined, not by their age, but by the degree of their understanding and knowledge.

It is essential that they should possess sufficient intelligence to receive just impressions of the facts respecting which they are examined, sufficient capacity to relate them correctly, and sufficient instruction to appreciate the nature and obligation of an oath.

It is for the Court to decide the question of their competency, when they are offered as witnesses.

If over fourteen years of age, the presumption is that they possess the requisite knowledge and understanding; but, if under that age, the presumption is otherwise, and it must be removed upon their examination by the Court, or under its direction and in its presence, before they can be sworn.

APPEAL from the Court of Sessions of the County of Santa Clara.

The facts appear in the opinion of the Court.

*W. S. Wallace* for Appellant.

*Attorney-General* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant was indicted and convicted of the crime of rape, committed upon the person of a child of the age of eight years. On the trial, the Court below permitted, against the objection of the defendant, the child to be sworn and to testify for the prosecution without any preliminary examination as to her competency.

There is no precise age within which children are excluded from testifying. Their competency is to be determined, not by their age, but by the degree of their understanding and knowl-

edge. It is essential that they should possess sufficient intelligence to receive just impressions of the facts respecting which they are examined, sufficient capacity to relate them correctly, and sufficient instruction to appreciate the nature and obligation of an oath. It is for the Court to decide the question of their competency when they are offered as witnesses. If over fourteen years of age, the presumption is that they possess the requisite knowledge and understanding; but, if under that age, the presumption is otherwise, and it must be removed upon their examination by the Court, or under its direction and in its presence, before they can be sworn.

In Brazier's case, (1 Leach, 238,) it was held by the twelve Judges, that an infant, though under the age of seven years, might be sworn in a criminal prosecution, provided the infant appeared, *on strict examination by the Court*, to possess sufficient knowledge of the nature and consequences of an oath; and that their admissibility depended upon the sense and reason they entertained of the danger and impiety of falsehood, which was to be collected from their answers to questions *propounded to them by the Court*.

In People *v.* McNair, (21 Wend., 609,) the defendant requested the Court to question a lad of eleven years, who was sworn in the case, before he testified, in regard to the nature of an oath. One of the presiding Justices observed that he had before examined the lad, and was satisfied as to his competency; and all the Justices of the Court united in returning that they did not put any questions to him, being well satisfied that he was intelligent, and understood the nature of an oath. The defendant having been convicted, the case was taken to the Supreme Court, where the conviction was quashed, and Nelson, C. J., said: "The lad was of tender years, and if it had turned out, as it might, that he was wholly ignorant of the nature of an oath, it would have been the duty of the Court to have rejected him as a witness, or at least before permitting him to testify, to have instructed him on the subject."

"One of the Justices assigned as a reason for the decision of the Court, that he had examined the witness as to his competency, and was satisfied; but it does not appear when or where he so examined him. The defendant was entitled to have the examination in his presence, on the trial, before all the justices." (Commonwealth *v.* Hutchinson, 10 Mass., 225; Jackson *v.* Gridley, 18 John., 104; Den *v.* Vancleve, 2 Southard, 653; Rex *v.* Williams, 7 Car. & Payne, 320; 1 East P. C., 442.)

Judgment reversed, and cause remanded for a new trial.