## ALFRED MAYNARD, FATHER AND GUARDIAN OF NATHALIE MAYNARD, v. P. J. KEOUGH.[1]

### January 23, 1920.

### No. 21,588.

Witness — girl of eight years competent to testify what happened when she was five.

1. An intelligent girl eight years old is competent to testify to occurrences which she remembers, though they happened at a time when she was too immature to testify.

Vicious dog — notice to owner.

2. The evidence is sufficient to sustain a finding that a dog owned by defendant was vicious and that defendant was chargeable with notice of that fact.

Damages not excessive.

3. The damages are not excessive.

Action in the district court for Ramsey county to recover $6,000 for injuries to plaintiff's daughter caused by defendant's dog. The case was tried before Haupt, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $800. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Harold Harris,* for appellant.

*Clayton Parks,* for respondent.

PER CURIAM.

Plaintiff Nathalia Maynard, when a child of five, was bitten by defendant's dog. Plaintiff had a verdict for $800.

1. When the case came to trial, three years had elapsed, and plaintiff was eight years old. The court received her testimony. The record indicates that she was a bright child, had finished the second grade in school, and had a due appreciation of the significance of an oath. No

[1] Reported in 175 N. W. 891.

serious question could arise as to the competency of a child of her age and intelligence to testify, were it not for the lapse of time from the occurrence of the events as to which she testified and the fact that, at the time those events happened, she was probably too immature to testify as a witness. We do not think her testimony should be rejected on this ground. Her memory as to what occurred appeared to be quite distinct. A person may remember well events that happened during immature childhood. Competency to testify must be determined by capacity at the time the testimony is offered. The distinctness of the witness' memory goes only to the weight or effect of the testimony given.

2. To render defendant liable, it was necessary to prove that the dog was vicious and that defendant was chargeable with notice of that fact. Such notice may be established by direct proof or it may be inferred from circumstances. If the dog is well known to be vicious, knowledge of the owner may be inferred. Fake v. Addicks, 45 Minn. 37, 47 N. W. 450. There was some conflict in the testimony, but there is evidence that the dog was vicious and had on many occasions shown vicious traits towards persons who frequentel the premises or who otherwise came into contact with him. There is some evidence that knowledge of these vicious traits was brought directly home to members of the family and persons about the place. The verdict of the jury amounts to a finding that the dog was vicious and that defendant was chargeable with notice of that fact. The evidence is sufficient to sustain the finding.

3. The injury was painful and distressing and left a permanent scar on the cheek. The damages assessed are not excessive.

Order affirmed.