# ELMER G. McCUSKEY v. WILLIAM KUHLMANN.[1]

## November 26, 1920.

## No. 21,947.

**Libel and slander—credibility of witnesses.**

Plaintiff was accused of having stolen an automobile radiator from defendant. Verdict on conflicting evidence for plaintiff. *Held*: The supreme court has no right to give greater credence to defendant's witnesses than to plaintiff's. [Reporter.]

**Damages not excessive—new trial.**

Verdict for $1,008. Plaintiff was a young mechanic who had started a garage business. There was some evidence of malice. *Held*: The motion for new trial because the damages were excessive was properly denied. [Reporter.]

**Assignment of error insufficient.**

On appeal from denial of a motion for new trial, an assignment of error "because of errors of law at the trial," is insufficient. [Reporter.]

Action in the district court for Hennepin county to recover $5,000 for slander. The answer alleged that prior to the date alleged a certain Bloom had taken from defendant without lawful right an automobile radiator which was found in plaintiff's possession and upon demand therefor was turned over to defendant; that whatever was said to plaintiff by defendant was uttered at the time the radiator was so found in plaintiff's possession and at a time when defendant was laboring under great mental excitement. The case was tried before Hale, J., and a jury which returned a verdict for $1,-008.50. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*D. W. George*, for appellant.

*F. D. Larrabee*, for respondent.

PER CURIAM.

Plaintiff had a verdict and defendant appeals from the order denying a new trial.

The cause of action is slander, defendant being charged with having stated in the hearing of third parties that plaintiff was a thief, and it could be

[1]Reported in 179 N. W. 1000.

proven. On conflicting evidence the jury found for plaintiff. This court has no right to say that defendant's witnesses were more deserving of credence than plaintiff's.

The motion for a new trial was also based on the ground of excessive damages given under the influence of passion or prejudice. The damages appear large, but not so large that the inference must necessarily be that passion or prejudice moved the jury. Aside from the amount of the verdict there is nothing in the record suggestive of anything improper working to the prejudice of defendant. The words found to have been uttered were actionable per se; they charged plaintiff with the commission of a crime. The verdict was for $1,008.50. Plaintiff was a young mechanic who had started a garage business in Minneapolis, and the accusation was made in relation to an automobile radiator which defendant claimed plaintiff had stolen. There was some evidence from which the jury could find actual malice so as to justify adding punitive to the general damages.

The only other assignment of error is "3rd. Because of errors of law at the trial." This is insufficient, but we have nevertheless examined that part of the charge which is in the brief discussed as being erroneous and to which counsel evidently directed the assignment. When the part criticised is read in connection with what precedes we see nothing of which defendant could justly complain. No uncertainty or ambiguity in the charge was suggested when given, nor does the brief point out wherein the defect is claimed to exist.

Affirmed.