JOHN KLEIN v. MATHIAS PASCH AND ANOTHER.[1]

October 27, 1922.

No. 22,869.

**Competent evidence as to one defendant should be disregarded as to other defendants when incompetent as to them.**

1. Rulings on the introduction of testimony examined and sustained. Where the testimony offered is competent and material as to one of several defendants, it is to be admitted, but the defendants to whom

[1]Reported in 190 N. W. 338.

it is not competent or material may, by proper request, have the jury instructed to disregard it as to them.

**New trial not granted for errors in charge as to issue disregarded by the verdict.**

2. Alleged errors in the charge upon an issue which manifestly did not enter into the verdict will not be considered as ground for a new trial.

**Verdict sustained.**

3. The evidence sustains a verdict against both defendants.

**Damages not excessive.**

4. The record does not clearly show the verdict so excessive as to justify this court in modifying or setting it aside.

Action in the district court for Dakota county to recover $5,050 for mayhem. The case was tried before Converse, J., and a jury which returned a verdict for $1,000. From orders denying their motions for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*J. M. Millett*, for appellants.

*Alfred E. Rietz*, for respondent.

HOLT, J.

Plaintiff and a companion went to a public watering trough in the little village of New Trier, Minnesota, to water a span of horses and some cows. While there, defendants approached them. Defendant Pasch, stating he had something unsettled with plaintiff, took the halter ropes out of his hands and gave them to Landsberger. Thereupon, according to plaintiff's evidence, Pasch gave plaintiff a push, threw him down, pounded him with his fists, and bit a piece out of his ear; Landsberger did not touch plaintiff, but called to Pasch to "give it to him" when plaintiff was down and being beaten; and Landsberger, with an oath, told a young man, who evidently came up to help plaintiff or stop the fight, to get away or he, Landsberger, "would take care of him."

After the affray the county attorney, plaintiff's attorney in this action, drew a criminal complaint, which plaintiff swore to, charging Pasch with mayhem. The complaint was filed with a justice of the peace, who issued a warrant. It appears that when the case was called, Pasch entered a plea of guilty, and the justice imposed a fine of $10, which was paid. No doubt Pasch thought this ended the matter. But this action for damages followed, wherein the jury rendered a verdict against both Pasch and Landsberger for $1,000. Pasch, in his separate answer, alleged a counterclaim, asserting that he was the one assaulted and injured in that plaintiff bit his thumb. The jury found no counterclaim. Defendants separately moved for judgment or a new trial. The motions were denied and they appeal.

The assignments of error question the rulings permitting testimony that Pasch, after this action was begun, conveyed an 80-acre farm of the value of $3,200 to his mother in payment of an alleged loan of only three or four hundred dollars; also the admission of the complaint docket entries and plea in relation to the prosecution of Pasch in the justice court. As to the transaction with the farm, we think it of some value as indicating that Pasch felt he had done a wrong, to redress which he expected that his property might be resorted to. We think it perfectly clear that his plea in justice court was an admission that he was the aggressor in the affray. The complaint and docket entries were properly received as something to which the plea connected or responded. No separate objection to the evidence was made in behalf of Landsberger. Nor was any request made to instruct the jury that the above matters should be considered only with reference to the guilt of Pasch, and could not be used in determining that of Landsberger.

The alleged error in the charge relating to separate verdicts against defendants in different amounts need not be considered, for the verdict was the same against both. Hence, even if the charge were erroneous, it could not have been prejudicial.

We cannot concur in the contention that there is no evidence to sustain a verdict against Landsberger. If he told Pasch to "give it" to plaintiff, and drove away those who might have gone to plain-

tiff's rescue, the jury were justified in holding him equally guilty with Pasch.

The only troublesome feature of the case is the amount of the verdict. The four young men at the watering trough were of the same age, 22 years old. They lived in or near the little village and seemed to have been friends theretofore. The record does not intimate what Pasch's grievance was, except as we may infer it to be fancied from the fact that defendants came from a "soft drink" dispensary. Plaintiff suffered no serious or permanent injury, unless the piece out of the ear was noticeable disfigurement. The ear was exhibited to the jury and the trial court; the record does not convey to us any clear idea of its condition or appearance. The jury were also at liberty to include punitive damages. In Maynard v. Keough, 145 Minn. 26, 175 N. W. 891, $800 for a dog bite which left a scar on the cheek of a girl was sustained, and in McCuskey v. Kuhlmann, 147 Minn. 460, 179 N. W. 1000, one for $1,008.50 for slander in saying that the plaintiff stole an automobile radiator. We should have been better satisfied with a smaller verdict, but since an experienced trial judge who has seen the disfigurement declined to disturb the award, interference by this court is not warranted.

Affirmed.