[Crim. No. 975. Third Appellate District.—September 13, 1927.]

## THE PEOPLE, Respondent, v. RICHARD V. FEARY, Appellant.

George Stahlman and Sydney C. Bennett for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of lewd and lascivious conduct with a child, his daughter, then of the age of nine years. This appeal is from the judgment and the order denying a new trial.

At the trial the child positively denied that the defendant committed any of the acts charged. On the ground that he was taken by surprise by such denial, the district attorney was permitted to prove by the testimony of the girl and that of other witnesses that at other times she had stated that the defendant had committed such acts. In admitting this testimony the court stated that it was admitted for the purpose of contradicting the girl's testimony given at the trial to the effect that the defendant had

not committed such acts, "to impeach and wipe out that testimony; and that is the only effect and purpose that this testimony can have, is to wipe out her previous testimony, if the jury so believe that it does, but it is not for the purpose of showing the fact itself." It is elementary, of course, that the girl's extrajudicial statements were inadmissible to prove any element of the crime charged. Appellant contends that there is no other evidence to support the verdict. At the oral argument counsel for the People confessed inability to find any such other evidence and a careful reading of the entire record fails to disclose any such evidence. The appellant, therefore, is entitled to a reversal.

The court instructed the jury that "testimony has been introduced by the prosecution tending to prove other acts of lewd and lascivious conduct of the defendant toward" the girl "prior to the acts relied upon for conviction," and that this evidence might be considered as tending to prove "the lewd and lascivious disposition and tendency of the defendant to commit lewd and lascivious acts." No evidence of such "other acts of lewd and lascivious conduct of the defendant" has been discovered in the record.

The judgment and the order are reversed.

Burroughs, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 13, 1927, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1927.