[Crim. No. 1892.   Second Appellate District, Division Two.—January 17, 1930.]

THE PEOPLE, Respondent, v. JOSEPHINE VALENTI, Appellant.

Wm. Christensen for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was convicted of the crime of murder in the first degree and sentenced to life imprisonment. She appeals from the judgment and from an order denying her motion for a new trial.

There are three reasons assigned by appellant why the judgment should be reversed. They are: 1. That the court erred in permitting Esther Garcia, ten years old, to testify over the objection of the defense that she was incompetent; 2. That the *corpus delicti* was not sufficiently proven to warrant the admission in evidence of certain admissions and declarations of defendant; 3. That the evidence is not sufficient to support the verdict.

A Spanish girl ten years of age was called to the stand and questioned at considerable length concerning her understanding of the nature of the oath and the consequence attending the giving of false testimony. The trial judge finally determined that she was competent. And we are asked by appellant to declare this ruling erroneous, on the ground that some of the answers of the witness were conflicting, which counsel argues demonstrates her incompetency to receive and relate just impressions of the facts respecting which she was asked to testify, or to understand the sanctity of an oath. There is very little to be said. The

testimony of the witness stands without contradiction that she was ten years of age, instead of under ten years. Section 1321 of the Penal Code applies the same test to witnesses in criminal cases as in civil. By section 1880 of the Code of Civil Procedure it is said that children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined shall not testify. Even though we were in as favorable a position to determine her ability to testify as was the trial judge, who had the opportunity of observing her manner while testifying and of fully weighing the difference between her testimony while attempting to speak English and her answers given through an interpreter, we would be without the right to declare that she was incompetent. ▆ However, we deem it proper to quote from *People* v. *Dunlop*, 27 Cal. App. 460 [150 Pac. 389], as follows: "The question . . . is so far and peculiarly one whose determination rests in the discretion of the trial court that, in most cases, it would hardly be one which could be reviewed," and to say that there does not appear here. that abuse of discretion which would warrant our interference even though the child were under ten.

▆ There is no merit in appellant's contention that the *corpus delicti* was not sufficiently proven to authorize the admission in evidence of statements made by the appellant. It was proved beyond question that the eight months old child of appellant was burned to death while in a baby buggy outside the house in the yard on July 8, 1929. Testimony was introduced that there was nothing in the buggy except the child's bottle and a blanket; that appellant had previously taken out an insurance policy on the child in the sum of $325; that appellant went to see the child a few minutes before the fire and upon returning to the place where she and her mother-in-law had been sitting informed the latter that the child was asleep; that shortly before the buggy was seen in flames appellant lit a match and threw the box from which it was taken in the vicinity of the garage which was about twelve feet from the buggy, that there had been no fire in an oven situated in the yard for some time prior to the tragedy; that no fire from which the buggy might have been ignited was found in the neigh-

borhood; and that there was no wiring or other agency to which the fire might have been attributed. The evidence thus introduced complied fully with the rule announced, after a review of the authorities in this case, by the Supreme Court in *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], as follows: ''It may finally be said that the authorities are unanimous on the proposition that the *corpus delicti* is not required to be established to a moral certainty and beyond a reasonable doubt before the extrajudicial statements, admissions, or confessions of a defendant may be received in evidence—*prima facie* proof of the *corpus delicti* being sufficient for that purpose. And, with the exception of *People* v. *Tapia,* [131 Cal. 647, 63 Pac. 1001], *supra,* and *People* v. *Wagner,* [29 Cal. App. 363, 155 Pac. 649] *supra,* the rule is likewise unanimously declared that it is *not* necessary that the jury in resolving the question of the guilt or innocence of a defendant upon all the evidence in the case should, before considering for any purpose the extrajudicial statements, admissions, or confessions of a defendant, be first satisfied to a moral certainty and beyond a reasonable doubt that the *corpus delicti* has been established by evidence *aliunde.*'' Or to sum up the evidence: The death was demonstrated beyond doubt and *prima facie* the criminal agency was established by proving the nonexistence of any cause for the fire other than the lighted match in the hands of the appellant very near the scene of the incineration. And additionally, the unusual circumstance of insuring the child's life by a mother in the poor circumstances admittedly endured by the appellant lends weight to the inference proper to be drawn from the other circumstances.

Sufficient has been said already to indicate that the evidence is sufficient to support the verdict. However, testimony was also introduced establishing that the appellant and the child's father were not united in wedlock until approximately four months after the baby was born, and then, as she puts it, ''she had to force her husband to marry her.'' The mother-in-law of appellant testified that the latter frequently said ''she did not want the baby,'' and that on several occasions she stated she wanted to put it in a home. The appellant also stated, according to one of the witnesses, that she and her husband ''had had some argument that

morning regarding some money for the baby's milk, that he had refused to pay the milk bill and that she was ashamed to meet the milkman and tell him no, that she didn't have any money. She said she had asked her husband that morning for some money and he had refused her and she said'' that she had left her husband on a couple of occasions once for a day and another time for about a week. There was considerable testimony all tending to indicate that the appellant did not entertain a motherly affection for her child, but was disturbed and worried over its presence. There was sufficient to warrant the determination arrived at by the jury.

Judgment and order affirmed.

Craig, Acting P. J., and Burnell, J., *pro tem.*, concurred.