[Crim. No. 2067. Second Appellate District, Division One.—October 15, 1931.]

THE PEOPLE, Respondent, v. LAWRENCE D. COTTON, Appellant.

Frederic H. Vercoe, Public Defender, and Franklin Padan, Chief Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment which resulted from his conviction on each of two counts of the crime of robbery. He also appeals from the order by which his motion for a new trial was denied.

No point is made by appellant to the effect that the evidence was insufficient to support the verdict returned by the jury. However, in that connection it is contended by appellant that considering particularly the evidence introduced as to one count of the information, the alleged errors to which attention is directed were relatively increased in importance and thus became so prejudicial to the case of the defendant that because thereof he should be awarded a new trial.

It is urged that the trial court erred in admitting in evidence, over objection by defendant, testimony given by certain witnesses in substance that preceding the trial of the action they and each of them had identified defendant as one of the men who committed the robbery, and that such identification was accomplished not only by the aid of photographs submitted to each of such witnesses by members of the police department at the city jail, but as well, later, at the same place, by means of a "show up" of defendant in company with several other persons who at that time and place were then and there in confinement.

With reference to the point thus presented, it appears that the only objection to each of the many questions which were propounded to each of the witnesses and which resulted in the admission of the evidence here under consideration, was either that such question was incompetent, irrelevant or immaterial, or that it was subject to some combination of such grounds. In but a single instance was any attempt made by

defendant to further enlighten the trial court regarding either the foundation or the underlying reason for such objection and on the particular occasion referred to, which occurred after the question had been fully answered, the only objection by defendant was that the question was "immaterial, and an attempt to bolster up the evidence given here at the trial. It don't make any difference how many times he may have seen him."

In the case of *People* v. *Watts*, 198 Cal. 776, 791 [247 Pac. 884, 890], the following restatement of a rule is made: " . . . It is well established that where the trial court has overruled a general objection to the admission of evidence, i. e., an objection that it is incompetent, irrelevant and immaterial, the party against whom the ruling was made will not be permitted to urge in the appellate court a particular objection which could have been readily cured had it been openly urged in the trial court." (Citing authorities.)

To the same effect, see, also, *People* v. *Louie Foo*, 112 Cal. 17, 21 [44 Pac. 453], and *People* v. *Owens*, 123 Cal. 482, 490 [56 Pac. 251], in each of which cases the authorities of this state are referred to or reviewed.

But it is obvious that, with whatever particularity or definiteness any objection might have been made to the admission of evidence of the character of that here under consideration, the defect in its foundation could not have been either readily or at all cured. No amplification of the objection made by defendant to the offered evidence either could or would have aided the prosecution to the extent that either by reframing the question, or by laying a broader or a different foundation therefor, the ultimate fact would have been admissible against defendant. That in the existing circumstances in no form should such evidence have been received is attested by many substantial and well-considered authorities. (*Murphy* v. *State*, 41 Tex. Cr. 120 [51 S. W. 940]; *People* v. *Jung Hing*, 212 N. Y. 393 [Ann. Cas. 1915D, 333, 106 N. E. 105]; *Warren* v. *State*, 103 Ark. 165 [Ann. Cas. 1914B, 698, 146 S. W. 477]. In principle, see, also, *People* v. *Doyell*, 48 Cal. 85, 90, 91; *Barkly* v. *Copeland*, 74 Cal. 1 [5 Am. St. Rep. 413, 15 Pac. 307]; *People* v. *Fong Ching*, 78 Cal. 169, 174 [20 Pac. 396]; *People* v. *Feary*, 85 Cal. App. 433, 434 [259 Pac. 491].)

■ Appellant further contends that the trial court erred in admitting in evidence, over the objection of defendant, a certain "gun", together with evidence relating to the time when, and the place where, it was found. From the record herein it appears that on his direct examination a witness identified the weapon as one which defendant had in his possession at the time when the crime in question was committed; and that other witnesses in substance testified that the weapon was found at a point included within a course pursued by defendant in his flight from police officers immediately preceding the time when defendant was placed under arrest. The fact that on cross-examination the witness who identified the "gun" was not so certain that it was the weapon used by defendant, but stated that it was "similar to" and "favored" the "gun" in question, did not present a situation by reason of which the trial court was required to deny the admissibility of the weapon in evidence. (*People* v. *Ferdinand*, 194 Cal. 555 [229 Pac. 341]; *People* v. *Stoerkel*, 87 Cal. App. 336, 339 [262 Pac. 825].)

■ The identity of the weapon used by defendant in the commission of the offense having thus been sufficiently established to warrant its introduction in evidence, for the purpose of corroborating such evidence the prosecution was clearly entitled to show the situation and the circumstances with which defendant was directly connected and which immediately preceded the discovery of the weapon.

■ Another alleged error to which appellant directs attention arose from the direct examination of one of the police officers who assisted in making the arrest of defendant. As shown by the reporter's transcript of the proceedings at the trial of the action, the irregularity to which appellant refers occurred as follows: "Q. What first attracted your attention to the car being there? Mr. Benedict: Objected to as immaterial. The Court: Overruled. Mr. Benedict: Nothing to do with any of the issues in this case. The Court: Overruled. A. Why, we were coming up,— going north on Obispo, and we got to the corner of Anaheim and Obispo and a milkman stopped us—or shouted at us and said that he had been held up, and he pointed to the car going down the street, and he said, 'That is the car.' Mr. Benedict: Now, we move to strike all of that, your Honor, and ask that the jury be instructed to disregard it.

The Court: Motion granted. The jury are instructed to disregard the testimony of the witness in answer to the last question, in giving what somebody said to him. Don't tell what somebody said to you, but tell what you did.''

It must be conceded that that part of the answer of the witness which suggested the thought that the milkman had just been robbed and that the person who committed such robbery was none other than the defendant in the action on trial, was prejudicial to the rights of defendant. But since the record shows that on motion of defendant the trial court immediately instructed the jury to disregard such testimony, the legal presumption is that the jurors followed such instruction and eliminated from their minds not only the assumed fact itself, but also any deduction or inference which might arise therefrom. (24 Cal. Jur. 763; 2 Cal. Jur. 1021, and authorities there cited.)

Appellant also complains of alleged misconduct on the part of the deputy district attorney who was in charge of the case for the People, in that in his argument to the jury he made the statement that—

"In the trial of this case, among the instructions which his Honor will give you, he will instruct you that under certain circumstances that the flight of the defendant, while not of itself sufficient to establish the guilt of the defendant of these charges with which he is charged here now before you, but that it is a circumstance tending to show a consciousness of guilt.''

It appears that immediately following such statement counsel for defendant addressed the court and said: ''I submit, your Honor, that is not the law, and your Honor has said that no instruction will be given as to flight at all.''

Whereupon the judge of the trial court responded: ''Yes. I now instruct the jury to disregard the statements of counsel as to flight, or anything pertaining to any instructions as to flight.''

Assuming (without conceding) that the remark of the deputy district attorney was improper and that in the circumstances of the case it should not have been made, it is clear that even its original injurious effect (if any) upon the rights of defendant was trivial, and that in any event, from a legal standpoint, by the prompt and unequivocal instruction given by the court to the jury any prejudice to defendant,

which otherwise might possibly have been created by reason
of such remark, was effectively obliterated.

It is further contended by appellant that the trial
court erred in giving to the jury an instruction in substance
that "a witness may be impeached by proof that he has
been convicted of a felony".

The instruction to which objection is thus made was as
follows: "A witness may also be impeached by evidence that
he has made, at other times, statements inconsistent with
his present testimony as to any matter material to the cause
on trial; and a witness may also be impeached by proof
that he has been convicted of a felony."

The record herein discloses the fact that the only evidence
which related to the possibility that any person called as a
witness on the trial of the action theretofore had been con-
victed of a felony was that defendant was asked the question:
"Q. Have you ever been convicted of a felony, Mr. Cotton?"
to which he responded: "A. No, sir. I was not even arrested
on a felony."

It thus appears that no foundation existed in the evidence
sufficient to authorize the giving of that part of the instruc-
tion to which objection is now made, and consequently, in
that respect, that at least abstract error was committed by
the trial court.

Although considering the evidence with reference to
whether defendant theretofore had been convicted of a felony,
by reason of the instruction in question the jury possibly
may have been induced to disbelieve his statement in that
regard, it is much more probable that the jury conscientiously
performed its sworn legal duty in that behalf and decided
such incidental question solely on the evidence submitted to
it. But in any event, assuming that by reason of the giving
of such instruction the jury may have disregarded its duty
in the premises and indulged in the conjecture that because
the court gave such instruction the fact was contrary to the
testimony given by defendant in that regard; also, consider-
ing the situation that, as hereinbefore indicated, error was
committed by the trial court in admitting in evidence testi-
mony given by certain witnesses relating to their extra-
judicial identification of defendant;—in view of the other
evidence in the case which tended strongly to directly
establish the guilt of defendant as to each of the counts

preferred against him, this court is of the opinion that the errors to which attention has been directed did not result in a miscarriage of justice. (Sec. 4½, art. VI, Const.)

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.