[Crim. No. 3047. Second Appellate District, Division Two.—January 29, 1938.]

THE PEOPLE, Respondent, v. EDWARD FREEMAN, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of violation of section 288 of the Penal Code. This appeal is from the judgment and order denying his motion for a new trial. There is also a purported appeal from the sentence.

Viewing the evidence most favorable to respondent, the essential facts are:

June 17, 1937, defendant took a female child of the age of six and one-half years into a garage and there committed an act prohibited by section 288 of the Penal Code.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgment.*

*Second: The complaining witness, a child of six and one-half years of age was incapable of receiving just impressions of the facts relative to which she testified, and, therefore, it was prejudicial error for the trial court to receive her testimony in evidence.*

Defendant's first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the facts hereinabove mentioned and each and every other material fact upon which the judgment of guilty was predicated. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

■ Defendant's second proposition is likewise untenable. The law is settled in California that whether or not a child under the age of ten years is capable of (a) receiving just impressions of the facts respecting which the child is to be examined, and (b) relating them truthfully (sec. 1880, subd. 2, Code Civ. Proc.) is a question the determination of which rests in the sound discretion of the trial judge; and in the absence of a showing of an abuse of this discretion by the trial judge his decision will not be disturbed on appeal. (*People* v. *Valenti,* 103 Cal. App. 249, 251 [284 Pac. 485].)

■ It is likewise settled that this court, in determining whether the trial judge has abused his discretion in permitting a child under ten years of age to testify, will review the entire record made by the witness and not confine the review of the question of the child's competency to the *voir dire* examination. (*People* v. *Walker,* 112 Cal. App. 146, 147 [296 Pac. 692].)

■ Applying the foregoing rules to the instant case, it appears from the entire testimony of the complaining witness that she was capable of receiving just impressions of the facts relative to which she testified and relating them truly. No useful purpose would be subserved by setting forth in this opinion, the sordid details of the complaining witness's testimony, which we therefore omit.

■ An appeal does not lie from the sentence. (*People* v. *Arrangoiz, ante,* p. 116 [74 Pac. (2d) 789].) Therefore, the purported appeal from the sentence is dismissed.

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.