[Crim. No. 3134.   Second Appellate District, Division Two.—September 19, 1938.]

THE PEOPLE, Respondent, v. WILLIAM MORCUMB, Appellant.

John Gratton and Horace Appel for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty on four counts of violating section 288 of the Penal Code after trial before ·a jury defendant appeals.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgments.*

*Second: Three of the complaining witnesses, children less than ten years of age, were incapable of receiving just impressions of the facts relative to which they testified and, therefore, it was prejudicial error for the trial court to receive their testimony in evidence.*

*Third: The trial court committed prejudicial error in permitting the mothers of the prosecuting witnesses to testify that the day following the commission of the alleged, illegal acts by defendant their daughters complained to them regarding defendant's conduct.*

*Fourth: The trial court committed prejudicial error in not reading to the jury an instruction on the subject of expert testimony as required by section 1127b of the Penal Code.*

The first proposition is untenable as to counts I, III, and IV of the indictment. An examination of the record

discloses that there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment of guilty as to these counts was necessarily predicated. We, therefore, refrain from further discussion of the evidence.

As to the second count of the indictment a different situation obtains. The record is devoid of any evidence upon which to sustain a conviction of violating section 288 of the Penal Code as charged in this count.

■ The second proposition is likewise untenable. The law is settled in California that whether or not a child under the age of ten years is capable of (a) receiving just impressions of the facts respecting which the child is to be examined and (b) relating them truthfully (sec. 1880, subd. 2, Code Civ. Proc.) is a question, the determination of which rests in the sound discretion of the trial judge, and in the absence of a showing of abuse of this discretion by the trial judge his decision will not be disturbed on appeal. (*People* v. *Valenti,* 103 Cal. App. 249, 251 [284 Pac. 485] ; *People* v. *Freeman,* 24 Cal. App. (2d) 619, 621 [75 Pac. (2d) 640].)

■ It is also settled that this court, in determining whether the trial judge has abused his discretion in permitting a child under ten years of age to testify, will review the entire record made by the witness and not confine the review of the question of the child's competency to the *voir dire* examination. (*People* v. *Freeman, supra.*)

■ Applying the foregoing rules to the instant case, it appears from the entire testimony of the complaining witnesses that they were capable of receiving just impressions of the facts relative to which they testified and also of relating them truthfully. No useful purpose would be subserved by setting forth in this opinion the sordid details of the complaining witnesses' testimony, which we therefore omit.

■ The third proposition is without merit. The law is settled that in a prosecution for violating section 288 of the Penal Code the fact that the child involved has made complaint of the outrage to another is admissible evidence. (*People* v. *Ferrari,* 80 Cal. App. 182, 184 [251 Pac. 692].)

■ Defendant's final contention is invalid. A physician and surgeon was called as a witness, who testified as to the

result of his examination of one of the complaining witnesses. His opinion was not asked upon any subject. He merely testified as to the physical facts which his examination disclosed. Therefore, neither section 1127b of the Penal Code nor *People* v. *Williamson*, 134 Cal. App. 775 [26 Pac. (2d) 681], was applicable to the instant case.

For the foregoing reasons the judgments as to counts I, III, and IV are affirmed and the judgment as to count II is reversed.

Crail, P. J., and Wood, J., concurred.