[Crim. No. 3482. Second Dist., Div. Two. Sept. 19, 1941.]

THE PEOPLE, Respondent, v. VIRGIL E. HARRISON, Appellant.

Edward Alan Mosk and Warren White for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

MOORE, P. J.—This appeal is from the judgments of conviction and from the order denying defendant's motion for a new trial. Defendant was accused by information charging him in four counts with violating section 288 of the Penal Code, which makes it a felony for a person wilfully to commit a lewd and lascivious act upon the body of a child under the age of 14 years with the intent of arousing or gratifying the sexual desires of such person or of such child. After taking evidence for two days from seven witnesses for the prosecution and from 11 witnesses for the defense and after argument of counsel, defendant was convicted on all four counts on April 22, 1941, and was sentenced to prison, the terms to run concurrently.

Defendant is 34 years of age. He has seven children. He has been totally blind for six years. Because of this physical infirmity, living in eternal darkness as he does, we have reviewed the record with the utmost compassion. Four of his little girls and his boy were the victims of his deplorable crimes. For obvious reasons we omit their Christian names and shall refer to the girls as AB, age 14 years; EC, age 12½; ID, age 9½; OV, age 8; and the son UZ, age 11 years.

Defendant was convicted of having lewdly and lasciviously laid his hands criminally upon each of four of his children thus designated. According to their testimonies respectively, AC, age 14, the eldest daughter, was in the 8th grade. His criminal act against her as charged occurred December 10, 1940. She recounted his other attempts. The daughter EC

who was 12½ years of age at the time of the trial was in the 6th grade. She narrated his misconduct toward her as having occurred in the preceding September. The daughter ID was more than 9½ years of age at the time of the trial and was in the 4th grade. His crime against her took place in the latter part of November, 1940. According to the testimony of the son, who was past 11 years of age and in the 4th grade, he was his father's victim of the unspeakable crime. Each of the four children testified to abhorrent and sickening details. Neither the denial by defendant nor his excuse that he had merely rubbed their backs influenced the jury to disregard the testimony of these children. The daughter OV, age 8, had been his victim at other times. More of her sorrow later.

Defendant bases his appeal for a new trial and for a reversal of the judgment upon the following grounds:

1. That he did not have his day in court;

2. That the evidence is not sufficient to support the judgment;

3. That the court committed errors of law in the conduct of the trial.

The contention that he did not have his day in court is based upon the assertion that his counsel was intoxicated throughout the trial; that he himself was blind and unfamiliar with court procedure; and that as a consequence he did not have proper representation at the bar.

In presenting his motion, he filed affidavits to the effect that on the day of the trial his counsel was sluggish in his speech; that he failed to ask questions on cross examination that would have aided his defense; that he failed to develop the testimony of appellant or other defense witnesses; that he failed to bring still other witnesses into court at all; and that the reason for all this was that his counsel was intoxicated. Other affidavits were all couched in similar language and were calculated to convince the trial judge that defendant's trial counsel was too intoxicated properly to perform his duties as an advocate of appellant before the jury. In support of his contention, he cites the case of *State of North Dakota* v. *Keller*, 57 N. D. 645 [223 N. W. 698, 64 A. L. R. 434]. In that case the court, at the hearing of the motion for a new trial, determined that defendant's counsel there had been drunk during the presentation of the evidence. The

facts there recited were that no witnesses at all were called for the defense; that defendant did not testify; that few objections were made; that no instructions were submitted and no exception taken to those presented by the state. The trial court having there determined that inasmuch as the defendant's trial lawyer was admitted to practice law, it was powerless to grant a new trial. In reversing the case, the appellate court held that under such a set of facts as found, it was the duty of the trial court at least to advise the defendant as to his right to select other counsel and to afford him reasonable opportunity to do so; that it was the duty of the court to see that a fair trial be had. But, in the instant case, all of the seven witnesses for the prosecution were cross examined and one-half of the time consumed in taking evidence was utilized in presenting witnesses for the defense. On the hearing of the motion for a new trial, the judge stated that the cross examination of all witnesses was very ably conducted and covered every possible ground; that he thought the new counsel was making an improper attack upon his brother lawyer; that if the trial counsel had been guilty as charged in the affidavits, he would have sent him to jail for contempt of court; that he had interviewed the attachés of his court with respect to the claim of intoxication of defendant's counsel; that each of them had said that there was not the slightest indication that the counsel was under the influence of liquor. The deputy district attorney stated at the hearing that he observed nothing during the conduct of the trial on the part of counsel that indicated any lack of respect for the court or anything that indicated in any way that counsel was unable to fulfill his duty to his client.

Where appellant's trial counsel is accused by affidavits of having been too intoxicated during the course of the trial properly to advocate the cause of appellant for the purpose of supporting the motion for a new trial, the decision of the trial judge that there is no merit in the affidavits is binding upon the appellate court unless it should clearly appear that the court's decision was arbitrary. (*People* v. *Gourdin*, 108 Cal. App. 333 [291 Pac. 701].) Where the record before this court evidences an intelligent attention to his duties by the trial lawyer, in view of the presumption that he did his duty, the exercise of discretion by the trial judge in denying

784

the motion for a new trial will not be disturbed on appeal. (*People* v. *Gay*, 37 Cal. App. (2d) 246 [99 Pac. (2d) 371].)

■■ Another basis for his claim that he did not have his day in court is that the trial counsel neglected in the cross examination of the children to confront them with statements made by them at the preliminary hearing of defendant. There are three answers to this claim: (1) the record of the trial before the examining magistrate is not before this court; (2) inasmuch as the purpose of this contention is to show that the trial counsel was intoxicated, since the trial judge found to the contrary, that record would be immate-rial; (3) since the trial counsel is presumed to have done his duty as he saw it, it is a fair presumption that he exercised a wise discretion in not attempting to harass children of such tender ages by having them re-emphasize to the jury that which they had already recited with such clarity and firmness as to convince the jury of the truth of their utterances.

■ The claim that the evidence is insufficient to justify the verdict needs no comment in view of the loathsome acts of defendant detailed in the testimony of each of the children. The authorities cited by counsel (*People* v. *Adams*, 14 Cal. (2d) 154 [93 Pac. (2d) 146]; *People* v. *McCullough*, 38 Cal. App. (2d) 387 [101 Pac. (2d) 531]; *People* v. *Feary*, 85 Cal. App. 433 [259 Pac. 491]) are expressions of the fundamental law that where evidence is insufficient a new trial will be granted. That rule applies primarily to the trial judge. It applies likewise to the appellate court where it is made to appear that the trial judge has abused his discretion where the record is destitute of evidence of defendant's guilt.

■ Finally the claim that the court committed errors in the course of the trial is based upon the assertion of appellant that since all of the children were under 14 years of age at the time of the trial, it was the duty of the court to remove the presumption that the children were not possessed of the requisite knowledge and understanding to testify (citing *People* v. *Bernal*, 10 Cal. 66). Such was never the law. The cited case was decided fourteen years before the statute was enacted that "all persons capable of perception and communication may be witnesses." (Penal Code, sec. 1321; Code of Civil Procedure, sec. 1879.)

■ It is the law that children under ten years of age cannot be witnesses where they appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly. (Sec. 1880, Code of Civil Procedure.) The last cited section means nothing more than that if a child under ten years of age appears to the trial judge to be competent, i. e., to have the capacity to receive impressions and to relate them truthfully, he becomes a competent witness. (*People* v. *Gasser,* 34 Cal. App. 541, 543 [168 Pac. 157]. ■ After the judge has heard the child give his testimony and has determined that he was a competent witness, such determination is not a matter of review any more than his ruling upon the capacity of any other witness. (*People* v. *Craig,* 111 Cal. 460 [44 Pac. 186]; *People* v. *Morcumb,* 28 Cal. App. (2d) 465 [82 Pac. (2d) 714].) ■ There is nothing in the testimony of any of the five children that indicated in the slightest degree his incompetency to testify. The only two daughters under ten years of age were ID and OV. At the time of the trial, ID was more than 9½ years of age; her testimony was responsive, coherent and intelligent. The fourth daughter was OV, eight years of age. The trial judge satisfactorily tested her qualifications on *voir dire.* In addition to the fact that the trial judge became satisfied as to her competency, the record of her testimony shows that she was intelligent enough to receive impressions and competent intelligibly to relate them. Since a review of her testimony appearing in the record shows that the court was justified in allowing her to testify before the jury, we are not concerned here with any lack of thoroughness in her *voir dire* examination. (*People* v. *Freeman,* 24 Cal. App. (2d) 619 [75 Pac. (2d) 640].)

■ Appellant also contends that he was prejudiced by the court's ruling in allowing the children to testify with respect to other similar acts done by him at times other than those alleged in the information. Proof of similar crimes against the same child is admissible to show motive or intent. (*People* v. *Craig, supra; People* v. *Harrison,* 14 Cal. App. 545, 548 [112 Pac. 733]; *People* v. *Love,* 29 Cal. App. 521, 524 [157 Pac. 9]; *People* v. *Hall,* 25 Cal. App. (2d) 336, 339 [77 Pac. (2d) 244].) ■ But appellant reaches the crescendo in his criticisms of the trial court in protesting that it was error to allow OV, although not named in the informa-

tion as a victim, to testify to her father's criminal behavior toward her. But the answer to this assignment is that while on the witness stand appellant denied that he had committed any of the criminal acts charged against him and protested that all he ever did was innocently to rub the backs of his children when they requested him to do so. Also, on cross examination he denied that he had violated section 288 of the Penal Code with respect to his daughter OV and he offered other witnesses to prove that the only time he touched his children was when they came to have their backs rubbed before bed time. To meet this special defense that his acts were all innocent and proper, it was appropriate for the prosecution to present the youngest of the four daughters who, it was developed by appellant, was the first to make the complaint to her grandmother of his conduct, and who related such offensive details as could not have been the suggestion of others or the figment of her own imagination. When a defendant maintains that an act of which he stands accused is an innocent act, it is proper to call witnesses who can testify to prior attempts by the defendant to commit the same offense with which he stands charged or similar offenses. (*People* v. *Williams,* 6 Cal. (2d) 500 [58 Pac. (2d) 917].)

In view of the fact that the intent of the defendant was an important factor in the proof of his guilt, it was competent to show other indecencies of the appellant committed with respect to still another child in order to leave no doubt of the criminal quality of the act charged in the information. (*People* v. *Coltrin,* 5 Cal. (2d) 649, 656 [55 Pac. (2d) 1161]; *People* v. *Morani,* 196 Cal. 154 [236 Pac. 135]; *People* v. *Cook,* 148 Cal. 334, 340 [83 Pac. 43]; *People* v. *Fehrenbach,* 102 Cal. 394 [36 Pac. 678].) Such evidence was calculated to rebut the innocent intent claimed by appellant. (*People* v. *Knight,* 62 Cal. App. 143 [216 Pac. 96]; *People* v. *Turco,* 29 Cal. App. 608 [156 Pac. 1001].)

The judgments and the order appealed from are affirmed.

Wood, J., and McComb, J., concurred.