[Crim. No. 2498. First Dist., Div. Two. Feb. 6, 1948.]

THE PEOPLE, Respondent, v. LEROY GIBBONS, Appellant.

Everett E. Power for Appellant.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, J. F. Coakley, District Attorney, and George R. Nye, Deputy District Attorney, for Respondent.

NOURSE, P. J.—The defendant was charged with a violation of section 288 of the Penal Code and two prior convictions—one of robbery and one of petty theft. He admitted the prior convictions, waived a trial by jury, and was tried and convicted by the court.

He appeals from the judgment and the order denying a new trial.

The victim of the offense charged was a little girl 5 years of age. She testified that on her way home from school she passed defendant's home; that he was standing on the porch and asked her to come in the house, that "I have something nice for you." He took her to the bedroom, laid her on the bed, removed her underclothing, and committed the act specially denounced in section 288a of the Penal Code. The child left the place and immediately went home and complained to her mother. She then went with her mother and pointed out defendant's house. Later on the same day she accompanied a police officer and pointed out to him the defendant and defendant's house. Both houses were known to be situated in the city of Berkeley, Alameda County. An expert witness testified that on his examination of the clothing worn by defendant, the bedspread taken from the bed, and the clothing of the little girl the "cross-matches" showed that all these garments had been in contact.

Appellant's only contention on this appeal is that the court should have granted his motion for a new trial. The clerk's

transcript shows that such motion was made on the grounds stated in section 1181 of the Penal Code, but in his brief he does not specify any one of these statutory grounds as applicable to his case. From his brief, which is a recital of some of the evidence and a history of the proceedings it would appear that appellant complains of the ruling on his motion relating to proof of venue and the ruling on the competency of the little girl as a witness.

■ The first point seems to be that the prosecution failed by direct evidence to prove at the preliminary hearing that the alleged offense was committed in Alameda County. On that ground the defendant moved in the superior court to set aside the information, and his motion was denied. If this ruling were error no argument is made on the point. The respondent however points to these facts—that the preliminary hearing was held in the city of Berkeley by a judge resident therein; that testimony was given that the little girl was on her way home from a public school located in Berkeley to her home which was identified by street and number, and that the offense occurred in appellant's home which was identified by street and number. On all these facts the court could base the conclusion from judicial knowledge that the offense was committed within the county of Alameda.

■ Criticism is made of the ruling permitting the little girl to testify. Her *voir dire* examination showed that she was hopelessly confused, but that confusion was caused largely by the unreasonable character of the examination. If the trial had been before a jury the question of her capacity as a witness might become more serious. But here the learned trial judge had the opportunity of observing the witness and the character of the examination to which she was subjected. If he had been required to rule on the basis of that examination alone he might have been led to reject her as a witness. But when she gave her testimony on the merits of the case there could then be no doubt as to her competency. She detailed all the circumstances clearly and precisely and was fully corroborated by the physical and expert testimony so that there can be no doubt that the evidence of guilt was sufficient to support the judgment. And the appellant does not contend that it was insufficient for that purpose.

The judgment and order are affirmed.

Dooling, J., and Ogden, J. pro tem., concurred.