[Crim. No. 710.   Fourth Dist.   Apr. 20, 1948.]

THE PEOPLE, Respondent, v. FRED ARCIA, Appellant.

William F. Reed for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 288 of the Penal Code. He was found guilty by a jury and has appealed from the judgment.

The offense is alleged to have occurred on June 6, 1947, and the victim is a boy who became 6 years old on July 2, 1947. The boy's mother had left for Indiana on June 3, 1947, and he was living with his aunt in a small hotel in San Diego of which she was the manager. The defendant also lived at this hotel and the acts in question occurred while he was giving this boy a bath. The boy immediately reported the matter to his aunt, and she examined his body and later testified as to what she saw. The aunt wrote about the matter to the boy's mother, who was having an operation at the time, and nothing further was done until the mother's return to San Diego about the middle of August. She at once took the matter up with the officers and an investigation was started which resulted in the bringing of this action.

When interviewed by an investigator for the district attorney's office the defendant at first denied he had done these acts but said that he was guilty. Later, at the district attorney's office in the presence of various officers and the boy, he made a statement which was taken down in shorthand in which he confessed to the acts in detail, telling a story which is practically identical with that told by the boy. Shortly thereafter he was taken into the municipal court where, under oath, he made a similar statement. Both of these statements were received in evidence. At the trial the defendant took the stand and in reply to the only material question asked him, which was as to whether or not he had done the acts with which he was here charged, he replied: "I did not." On cross-examination, he admitted having made the previous statements, said that he was not telling the truth when he testified at the preliminary hearing, and stated that his only reason for having so testified at that time was that he was confused, that he was not familiar with the courts or the laws, and that he did not know what to say or "how to better myself for it." During this cross-examination he fully confirmed the boy's story of what had occurred in all respects

with the exception that he denied having committed the particular acts constituting this offense.

The only question here raised is whether the trial court erred, as a matter of law, in determining that this 6-year-old boy was a competent witness. Incidentally, it is contended that there was no corroboration of the confession of the defendant except the testimony of this boy. This is not quite true as such corroboration appears in the testimony relating to the immediate complaint made by the boy to his aunt, and of the condition of his body at that time.

All persons capable of perception and communication may be witnesses. (Code Civ. Proc., § 1879.) Section 1880 of that code further provides that children under 10 years of age cannot be witnesses where they appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. In commenting on section 1880, the court in *People* v. *Harrison*, 46 Cal. App.2d 779 [117 P.2d 19], said: "The last cited section means nothing more than that if a child under ten years of age appears to the trial judge to be competent, i.e., to have the capacity to receive impressions and to relate them truthfully, he becomes a competent witness. (*People* v. *Gasser*, 34 Cal. App. 541, 543 [168 P. 157].) After the judge has heard the child give his testimony and has determined that he was a competent witness, such determination is not a matter of review any more than his ruling upon the capacity of any other witness." It is well settled that, in determining whether the trial judge has abused his discretion in passing upon the competency of such a witness, the entire record will be reviewed and considered. (*People* v. *Harrison*, 46 Cal.App.2d 779 [117 P.2d 19]; *People* v. *Morcumb*, 28 Cal.App. 2d 465 [82 P.2d 714]; *People* v. *Freeman*, 24 Cal.App.2d 619 [75 P.2d 640]; *People* v. *Walker*, 112 Cal.App. 146 [296 P. 692].)

The defendant relies upon a part of the evidence wherein this boy, in response to leading questions and under an implied promise to give him an electric train, made statements which standing alone would indicate that he was willing to say anything that he was told to say. However, the matter was gone into very fully and after several examinations by counsel on both sides and by the court the boy was allowed to testify. We are in accord with the trial judge's conclusions in this regard, and think the other portions of the *voir dire* examination very clearly show that this boy knew what he was doing,

and that while he wanted an electric train pretty badly he would not tell a lie to get one. The court's conclusion is fully supported by the boy's testimony as it appears in the record, which clearly indicates that he was intelligent and fully able to receive impressions and relate things as they had occurred. His testimony is clear and definite and, on essential matters, is very much like the story told by the defendant on the two previous occasions. It cannot be said, as a matter of law, that this boy was not a competent witness or that the court erred in permitting him to testify. (*People* v. *Carpenter*, 3 Cal.App. 2d 746 [40 P.2d 524]; *People* v. *Gibbons*, 83 Cal.App.2d 504 [189 P.2d 37].)

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.