[Crim. No. 3092. First Dist., Div. Two. Feb. 23, 1955.]

THE PEOPLE, Respondent v. PAUL JOSEPH ALLEN, Appellant.

Arthur D. Klang for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant was convicted by a jury of a violation of Penal Code, section 288, committed on the person of a 5-year-old girl. He appeals from the judgment and the order denying his motion for new trial.

Appellant does not question the sufficiency of the evidence nor does he claim any other error except that the trial judge erred in qualifying the 5-year-old child as a competent witness. The record shows that after certain preliminary questions by the judge he asked: "Does either side wish a *voir dire* on this?" Appellant's counsel replied: "No questions." The court thereupon ordered the witness to be sworn. The witness was then examined on direct and cross-examination. No objection to her competency was made at any stage of the proceedings. ▮ Under the decisions where "objection to the competency of the witness is not made in the trial court any objection to the witness' competency will be deemed to have been waived and cannot be considered for the first time on appeal." (*People* v. *Aleshire,* 90 Cal.App.2d 506, 509 [203 P.2d 569]; *People* v. *Lamb,* 121 Cal.App.2d 838, 847 [264 P.2d 126].)

Appellant is represented by new counsel on this appeal who argues that it would be manifestly unfair to affirm appellant's conviction on the testimony of an incompetent witness merely because of the failure of his attorney to make proper objection in the trial court. If an examination of the record indicated that the child was an incompetent witness we would be inclined to agree with appellant's counsel, but we have no such record before us. An examination of the child's testimony shows that she told a straightforward story on the witness stand. She voluntarily told her parents of the criminal incident within a few minutes after it occurred and there was no suggestion that she had been coached by her parents or anyone else in the testimony that she gave. A reading of her answers on *voir dire* and her subsequent testimony both on direct and cross indicates that she was capable of receiv-

ing just impressions of the facts respecting which she was examined and relating them truly. (Code Civ. Proc., § 1880, subd. 2.) The trial court is entitled to consider in determining the witness' competency not only her answers on *voir dire* but her later testimony as well (*People* v. *Ernst,* 121 Cal.App.2d 287, 290 [263 P.2d 114]; *People* v. *Lamb, supra,* 121 Cal.App.2d 838, 844; *People* v. *Arcia,* 85 Cal. App.2d 127, 129 [192 P.2d 31]) and if the "record of her testimony shows that she was intelligent enough to receive impressions and competent intelligibly to relate them" an appellate court will not be "concerned . . . with any lack of thoroughness in her *voir dire* examination" (*People* v. *Harrison,* 46 Cal.App.2d 779, 785 [117 P.2d 19]; *People* v. *Ernst, supra,* 121 Cal.App.2d 287, 291; *People* v. *Denton,* 78 Cal. App.2d 540, 546 [178 P.2d 524]; *People* v. *Freeman,* 24 Cal. App.2d 619, 621 [75 P.2d 640]). We may add that appellant was represented in the trial court by an experienced counsel (an assistant public defender) and his failure to further examine the child on *voir dire* or to object to her competency indicates that he was satisfied of the correctness of the trial judge's ruling that the witness was competent.

Unless we were to hold as a matter of law that no child under 6 years of age can be a competent witness, which we are not prepared to do, we cannot hold on the record before us that the trial judge abused his discretion in ruling that this child was competent to testify.

Judgment and order affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied March 10, 1955, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1955.