[Civ. No. 16331.   First Dist., Div. Two.   Aug. 22, 1955.]

. SANDRA BRADBURN, a Minor, etc., et al., Appellants, v.
JESS C. PEACOCK, Respondent.

Johnson, Thorne, Speed & Bamford for Appellants.

Campbell, Custer, Warburton & Britton, Frank L. Custer and W. R. Dunn for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment for defendant following a jury's verdict. The action was grounded on the claimed negligent injury of the minor, Sandra Bradburn. The appeal is presented on an agreed statement. From this it appears that defendant had been engaged in doing the grading and lawn work around the Bradburns' house located in a new housing tract. On the day in question he had parked his truck across the street. Mrs. Bradburn testified that she had gone into her garage to do some washing and that shortly before 5 p. m. her son Danny came running toward the garage calling: "Truck, Mommie, truck." As Mrs. Bradburn went toward the street she saw the defendant in his truck driving south. The child was lying in the street seriously injured. The injured child was at that date about 4 years and 4 months of age.

Defendant testified that he started to go home about 3 :45 p. m. He talked to Mrs. Bradburn "for a minute" and then walked to his truck. He found two of the three Bradburn children near the truck and took them by the hand and led them across the street to their home. He then went back to his truck, got in it and drove away. He admitted making a written statement in which he said: "I didn't see the other little girl, nor did I look for her. I got in my truck and drove off . . ." Defendant produced several witnesses whose testimony was designed to prove that he had arrived at his home before the time when the little girl was injured.

The only error urged is that the trial judge abused his discretion in ruling that the little boy, Danny Bradburn, was incompetent to testify without holding a *voir dire* examination to test his competency. Danny's age was 3 years and 3 months at the time of his sister's injury and slightly over 5 years at the time of trial. Counsel for plaintiffs offered to prove by him that he saw the defendant's truck run over his sister Sandra and that he knew defendant and his truck because defendant had previously been working about their home. In making his ruling the judge stated: "The youngster was three years and three months of age at the time he observed the facts. No doubt he has talked with his mother and father for the last year and a half or two years concerning the facts of this accident, and I think it would be extremely dangerous to receive his testimony . . ."

We have no doubt that it was error for the court to rule that this child was not competent to testify without examining him on *voir dire* to determine whether in fact he

was competent. In order to be a competent witness a child under 10 years of age must be capable of receiving just impressions of the facts and relating them truly. (Code Civ. Proc., § 1880, subd. 2.) ■ "Their competency is to be determined, not by their age, but by the degree of their understanding and knowledge." (*People* v. *Bernal,* 10 Cal. 66; *People* v. *Swist,* 136 Cal. 520, 522 [69 P. 223].) ■ It follows that the "child's extreme youthfulness was not, *per se,* sufficient to exclude him from the witness-stand. There is no arbitrary age limit under which the testimony of a child is automatically rejected." (*People* v. *Delaney,* 52 Cal.App. 765, 768 [199 P. 896].)

■ We may concede that a child of such extreme youth might be produced as a witness that the trial judge could say as a matter of common knowledge that no child so young could be competent, but in view of the many cases in this state which have upheld the trial judge's discretion in allowing 5-year-old children to testify we must hold that in arbitrarily refusing to permit this 5-year-old to testify without a *voir dire* examination the trial judge abused his discretion. (In all of the following cases 5-year-olds after *voir dire* examination were held competent witnesses: *People* v. *Trippell,* 7 Cal.2d 612 [61 P.2d 929] ; *People* v. *Allen,* 131 Cal.App.2d 72 [279 P.2d 996] ; *People* v. *Root,* 112 Cal.App.2d 122 [245 P.2d 679] ; *People* v. *Norred,* 110 Cal.App.2d 492 [243 P.2d 126] ; *People* v. *Goff,* 100 Cal.App.2d 166 [223 P.2d 27] ; *People* v. *Terry,* 99 Cal.App.2d 579 [222 P.2d 95] ; *People* v. *Manuel,* 94 Cal. App.2d 20 [209 P.2d 981] ; *People* v. *Gibbons,* 83 Cal.App.2d 504 [189 P.2d 37] ; *People* v. *Ash,* 70 Cal.App.2d 583 [161 P.2d 415] ; *People* v. *Walker,* 112 Cal.App. 146 [296 P. 692] ; *People* v. *Jori,* 99 Cal.App. 280 [278 P. 250].)

Some point is made of the fact that the child was only 3 years and 3 months of age at the time of the casualty. ■ The courts have pointed out that of the two requirements of Code of Civil Procedure, section 1880, subdivision 2, the requirement that the child be capable of "receiving just impressions of the facts" concerns his capacity at the time the facts occurred and the requirement that he be capable of "relating them truly" concerns his capacity at the time of trial. (*People* v. *Lamb,* 121 Cal.App.2d 838, 844 [264 P.2d 126] ; *People* v. *Watrous,* 7 Cal.App.2d 7, 10 [45 P.2d 380] ; *People* v. *Delaney, supra,* 52 Cal.App. 765, 777.) ■ We cannot say that *no* child of 3 years and 3 months is capable of receiving just impressions of the facts that a man whom he knows

in a truck which he knows ran over his little sister. Nor can we say that *no* child of 3 years and 3 months would remember such facts and be able to relate them truly at the age of 5.

Courts of other jurisdictions have recognized that the competency of the child to testify relates to the time when he is produced as a witness and so a "child may be competent to testify to occurrences which she remembers, although they happened at a time when she was too immature to testify . . ." (70 C.J. 93-94; *Maynard* v. *Keough,* 145 Minn. 26 [175 N.W. 891]; *Kelly* v. *State,* 75 Ala. 21 [51 Am.Rep. 422]; *Cross* v. *Commonwealth,* 195 Va. 62 [77 S.E.2d 447, 448]; *Davenport* v. *Commonwealth,* 285 Ky. 628 [148 S.W.2d 1054, 1063]; *Burnam* v. *Chicago Great Western R. Co.,* 340 Mo. 25 [100 S.W.2d 858, 863]; *Whitehead* v. *Stith,* 279 Ky. 556 [131 S.W.2d 455]; *State* v. *Belknap,* 221 S.W. 39, 45.)

Respondent further argues that the error in excluding this witness was not prejudicial because no actionable negligence was proved. The case was circumstantial but the defendant's own admission would support a finding of negligence. Knowing that three very young children were playing in the area and having led two of them away from the vicinity of his truck, he got into his truck and drove away without seeing the little girl and without looking for her. This certainly left a jury question as to whether such conduct amounted to negligence.

The argument that the excluded evidence was only cumulative because the mother had testified that she saw the defendant driving away in his truck is not persuasive. The mother's testimony at best was only circumstantial evidence that the truck ran over the child while the proffered evidence was direct to that effect. Furthermore defendant produced four witnesses, besides himself, to testify that he was at home before the time when the child was injured. This stood against Mrs. Bradburn's uncorroborated testimony that he was at the scene of the injury when it occurred. Under these circumstances the direct testimony of the child might well prove the deciding factor in resolving this conflict.

Judgment reversed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied September 21, 1955, and respondent's petition for a hearing by the Supreme Court was denied October 19, 1955.