[Crim. No. 753. Second Appellate District, Division One.—February 21, 1921.]

## THE PEOPLE, Respondent, v. MARIN LOPEZ, Appellant.

[1] EVIDENCE—CHILD UNDER TEN YEARS—COMPETENCY.—The disability provided by section 2 of section 1880 of the Code of Civil Procedure is applicable alone to such children as appear incapable of receiving just impression of facts, and when objection is made to the competency of a child under ten years of age to testify, it becomes a question addressed to the sound discretion of the trial court, and an appellate court will not interfere with its ruling unless there be a clear abuse of discretion apparent from the record.

[2] CRIMINAL LAW—LEWD ACT UPON BODY OF CHILD — EVIDENCE — CREDIBILITY—QUESTION FOR JURY.—In a prosecution for the commission of the offense designated in section 288 of the Penal Code upon the body of a female child of the age of six years, it is the province of the jury to determine the weight of the child's testimony and whether inconsistencies are sufficient to impeach the integrity thereof.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was charged with committing the offense designated in section 288 of the Penal Code and, upon conviction thereof, appealed from the judgment of imprisonment which followed.

The prosecuting witness was a female child, six years of age and the stepdaughter of defendant, with whom and her mother she was accustomed to occupy the same bed. The act with which defendant is charged is alleged to have occurred about a month prior to the filing of the information.

1. Competency of children as witnesses as dependent upon age, note, 19 L. R. A. 605.

The verdict is based largely upon the child's testimony, given through an interpreter, to the reception of which evidence, on account of her tender years and lack of intelligence, counsel for defendant unsuccessfully urged objections.

[1]  Subdivision 2 of section 1880 of the Code of Civil Procedure provides that "children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," cannot be witnesses.  It thus appears that the disability is applicable alone to such children as appear *incapable* of receiving just impressions of facts, and when objection is made to the competency of a child under ten years of age to testify, it becomes a question addressed to the sound discretion of the trial court, and an appellate court will not interfere with its ruling unless there be a clear abuse of discretion apparent from the record.  (*People* v. *Harden,* 24 Cal. App. 523, [141 Pac. 1075], and cases therein cited.)  In *People* v. *Craig,* 111 Cal. 469, [44 Pac. 188], it is said: "The burden is upon the person who objects to the child being a witness to show that he is incapable, and the determination of the judge upon such objection, and an examination of the child, is not a matter of review, any more than is his ruling upon the capacity of an adult who may be offered as a witness."  The trial judge having the witness before him is better able to determine his capability or incapability than an appellate court, whose judgment must be based wholly upon the record from an examination of which in the instant case we cannot say there was an abuse of discretion in permitting the child to appear as a witness against the defendant.

[2]  It is next urged that the evidence was insufficient to justify the verdict.  No purpose could be served by a detailed statement of the testimony relating to the commission of the acts with which defendant is charged.  Suffice it to say that if the jury, whose province it was to determine the weight of the child's testimony, believed her statements to be true, they could not have rendered a verdict other than that of guilty.  Conceding that her testimony was subject to the criticism that discrepancies existed therein, and that it did not in every detail correspond with her statements made at the preliminary hearing of defendant, nevertheless, since the court instructed the jury that owing to the

nature of the case they should examine it with caution, we cannot on review, by reason of her immature age, consider it otherwise than like testimony given by an adult; and, therefore, as said in *People* v. *Horn*, 25 Cal. App. 587, [144 Pac. 643], "it was peculiarly a function of the jury to decide the question whether the inconsistencies developed in her testimony were sufficient to impeach the integrity of her declaration" that defendant committed the act of which he was accused. Moreover, some corroboration of her testimony may be attributed to the fact that some two weeks after the act complained of an examination of the child disclosed a condition indicating that she had been subjected to abuse.

While the evidence is meager, it is nevertheless positive and direct as to the commission of the acts charged against defendant, and it is apparent from the fact that the jury recommended defendant to the mercy of the court, that it was not, in rendering its verdict, actuated by passion or prejudice against defendant.

Defendant also appeals from an order of the court denying his motion for a new trial based upon the ground of newly discovered evidence; in support of which defendant presented an affidavit to the effect that prior to the trial the prosecuting witness stated to another child, "Monday we are going to court, and Camacho is going to give me a dollar for me to speak well; he gave me already two bits." Another affidavit consisted of purely hearsay matter which in no event would be admissible as evidence. Conceding that the uncle did state to the child that he would give her a dollar if she talked well, it cannot be said that it was intended or that she understood it to be with a view of influencing her testimony; indeed, the natural inference would be that it was intended to encourage her to talk intelligently and truthfully. There was no abuse of discretion on the part of the court in denying the motion.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.