[Crim. No. 1253.  Second Appellate District, Division Two.—October 13, 1925.]

THE PEOPLE, Respondent, v. J. M. PARKER, Appellant.

[1] CRIMINAL LAW—SECTION 288, PENAL CODE—CONSTRUCTION—PUNISHMENT.—The provision to the effect that lewd and lascivious acts, to be punishable under section 288 of the Penal Code, must be "other than the acts constituting other crimes provided for in part two [one] of this code" constitutes an exception to the general rule announced in section 654 of the Penal Code, wherein it is declared that "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions."

[2] ID.—RAPE—SECTION 288, PENAL CODE.—An act of sexual penetration committed on a girl of eleven years of age constitutes the crime of rape; and as rape is one of the "other crimes provided for in part two [one]" of the Penal Code, on the trial of a defendant for violating section 288 of said code he could not be punished for said act of sexual penetration.

[3] ID.—CONSENT—ASSAULT WITH INTENT TO COMMIT RAPE.—Where the female is under the age of consent there may be an assault with intent to commit rape notwithstanding her actual consent, the reason in such case being that the female cannot consent to the assault; the law resists for her.

[4] ID.—INTENT—ASSAULT WITH INTENT TO COMMIT RAPE.—Although it is not necessary in a case where the female is under the age of consent that force should be used or resistance made, and it is of no consequence that the female expressly consents, the existence of a specific intent in the mind of the accused then and there to have carnal connection with the girl is an essential element of the crime of assault with intent to commit rape.

[5] ID.—ATTEMPT TO COMMIT RAPE—ELEMENTS.—The crime of attempt to commit rape upon a girl under the age of consent is compounded of two elements, viz.: the intent to have sexual intercourse with her, and a direct act done toward its consummation but falling short of the execution of the ultimate design.

[6] ID.—OVERT ACT—NATURE OF.—On a charge of the crime of attempt to commit rape, the overt act need not be the last proximate

3.  See 22 Cal. Jur. 362; 22 R. C. L. 1188.
4.  See 22 Cal. Jur. 368.
5.  See 22 Cal. Jur. 370; 22 R. C. L. 1233.
6.  See 22 Cal. Jur. 366; 22 R. C. L. 1235.

act to the consummation of the contemplated rape. It is sufficient if it be an act apparently adapted to produce the result intended; but the act must, however, be something more than mere preparation, as acts of preparation—acts not proximately leading up to the consummation of the intended crime—will not suffice to establish an attempt to commit the crime.

[7] ID.—INTENT—TIME.—To constitute an attempt to commit rape upon a female under the age of consent, the intention to know the girl carnally must have existed in the mind of the accused at the very time when he did the overt act or acts, for there can be no attempt to commit a crime unless the intent to commit it existed at the time when the attempt is made.

[8] ID.—EVIDENCE—CRIMES.—In a prosecution for a violation of section 288 of the Penal Code, assuming that defendant's act of pulling down the girl's bloomers "to get inside" is one from which the jury, under all the circumstances, necessarily must have inferred that it was done by defendant with the specific intent then and there to have carnal connection with the girl, and also assuming that this preliminary act reached so far forward toward the accomplishment of the intended crime of rape as to amount to the commencement of its consummation, the said act constituted both the crime of attempt to commit rape and the crime of assault with intent to commit rape, and therefore it could not be punished under said section.

[9] ID.—RAPE—PRECEDING LASCIVIOUS ACT—INTENT—CONVICTION UNDER SECTION 288, PENAL CODE.—A conviction for a violation of section 288 of the Penal Code consisting of acts of a defendant in putting his arms around a girl of eleven years of age, kissing her and rubbing a hand over her bloomers, was proper, even though such acts were closely followed by the act of defendant of pulling down the girl's bloomers so as "to get inside," and by an act of sexual penetration, as it was within the province of the jury to determine whether defendant, at the time he committed the first acts, then and there intended to follow those acts with one of actual sexual penetration.

[10] ID.—CRIMES—EVIDENCE—TIME.—The fact that defendant's preliminary acts of lascivious conduct, in violation of section 288 of the Penal Code, were so closely followed by an act of rape that it is impossible to separate the evidence relating to the two crimes does not necessarily raise an insuperable barrier to his conviction of the former crime, as one may commit two separate and distinct crimes, even though they are so closely connected in point of time that it is impossible to separate the evidence relating to them.

[11] ID.—RAPE—LASCIVIOUS CONDUCT—INSTRUCTION.—In a prosecution for a violation of section 288 of the Penal Code, the trial

court did not err in refusing a requested instruction that if the jury "find from the evidence presented, beyond a reasonable doubt, that the private parts of defendant entered those of the prosecuting witness to any degree, then you shall return a verdict of acquittal," where there was evidence to warrant the jury in finding that, in addition to the crime of rape which occurred when the actual sexual penetration took place, there also was a preceding separate and distinct crime ˙of lewd and lascivious conduct, punishable under section 288.

[12] ID.—VERDICT—EVIDENCE—APPEAL.—It is the peculiar and exclusive province of the jury in a prosecution for lewd and lascivious conduct with a child to determine what weight shall be given to the testimony of the complaining witness; and in the instant prosecution, though the record presents a sharp conflict in the evidence, there is substantial evidence to support the verdict of conviction, and the case therefore comes within the rule that "if the evidence which bears against the defendant, considered by itself and without regard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone this (appellate) court has jurisdiction—and becomes one of fact upon which the decision of the jury and the trial court is final and conclusive."

---

(1) 31 C. J., p. 994, n. 79; 33 Cyc., p. 1422, n. 45.   (2) 16 C. J., p. 58, n. 86.   (3) 33 Cyc., p. 1434, n. 51.   (4) 33 Cyc., p. 1433, n. 41, p. 1435, n. 56.   (5) 33 Cyc., p. 1431, n. 30.   (6) 33 Cyc., p. 1431, n. 30.   (7) 33 Cyc., p. 1431, n. 30, p. 1433, n. 41.   (8) 33 Cyc., p. 1494, n. 76, p. 1520, n. 14.   (9) 16 C. J., p. 924, n. 31; 31 C. J., p. 994, n. 79.   (10) 16 C. J., p. 58, n. 86.   (11) 16 C. J., p. 58, n. 86.   (12) 31 C. J., p. 994, n. 79.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. and Guy Lewis for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—Defendant was charged under section 288 of the Penal Code with committing certain lewd

---

12. See 22 Cal. Jur. 14.

and lascivious acts upon and with the body of a female child under the age of fourteen years, with the intent specified in that section. He was found guilty as charged, and now appeals from the judgment of conviction and from an order denying his motion for a new trial.

Section 288 reads, in part: "Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in part two [one]" (as authority for the substitution of "one" for "two" see *People* v. *Troutman*, 187 Cal. 313 [201 Pac. 928]) "of this code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony . . . " [1] The provision to the effect that lewd and lascivious acts, to be punishable under this section, must be "other than the acts constituting other crimes provided for in part two [one] of this code" constitutes an exception to the general rule announced in section 654, wherein it is declared that "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions."

Appellant's main contention is that the acts committed by him, as testified to by the complaining witness, amounted to the crime of rape, as defined by subdivision one of section 261 of the Penal Code, the crime of attempt to commit rape, punishable under section 664, and the crime of assault with intent to commit rape, punishable under section 220 of that code, each of the two last-mentioned crimes being necessarily included within the crime of rape. (22 Cal. Jur., article "Rape," pars. 13 and 14; *People* v. *Horn*, 25 Cal. App. 583, 592 [144 Pac. 641]; *People* v. *Babcock*, 160 Cal. 537 [117 Pac. 549].) Wherefore it is claimed that the evidence fails to support the charge of a violation of section 288, which makes punishable only such acts of a lascivious nature as do not constitute other crimes provided for in part one of the code.

The testimony of the little girl is of so loathsome a nature that we find it preferable to set forth no more of her sordid story than will suffice for an adequate consideration of the questions presented. The evidence educed by the

People tends to show the following: Appellant is a man of mature years. The victim of his lust, a girl eleven years of age at the time of the offense, lived with her mother in the city of Los Angeles. On January 8, 1925, appellant took the girl to Long Beach. Arriving in that city, he proposed that they "rest for awhile." He then engaged a room in a hotel, which the two occupied during the remainder of the day and all of the following night. Soon after entering the room appellant pulled down the folding-bed and told the girl to lie down and "rest for awhile." Thereupon they both lay on the bed, close together, facing each other. While in this position appellant put his arms around the girl, kissed her and rubbed his hand on her bloomers—a garment which she wore under her dress in lieu of drawers. He then pulled down her bloomers "to get inside," as she described it. After this there followed an act of sexual penetration, which, though slight—it was not enough to rupture the hymen—was penetration nevertheless.

From the foregoing it will be seen that appellant's conduct, from the time he commenced fondling the girl, consisted of a number of separate and distinct acts, performed in sequence and of such a character that they may be grouped in three distinct categories, as follows: (1) fondling the girl in a manner calculated to arouse appellant's passions and sexual desires, i. e., embracing and kissing her while the two lay close together on the bed and rubbing his hand on her bloomers; (2) pulling down the bloomers so as "to get inside"; and (3) sexual penetration.

In determining whether appellant is punishable under section 288 we shall consider these three classes of acts in their inverse order. **[2]** Without doubt, the last act, sexual penetration, constituted the crime of rape. (Pen. Code, sec. 261, subd. 1, and sec. 263.) As rape is one of the "other crimes provided for in part two [one]" of the code, it is manifest that on the trial of appellant for violating section 288 he could not be punished for the last of the above-enumerated series of acts. But it does not necessarily follow that he could not be punished under section 288 for any one of the preceding acts. See *People* v. *Lind*, 68 Cal. App. 575 [229 Pac. 990], where we held that one who

has committed lewd and lascivious acts leading up to the consummation of the crime of sodomy may be punished for his preliminary acts under this section of the code.

If all of the acts which preceded actual sexual penetration, i. e., all of those which are included within the first and second of our three categories, must be held necessarily to have constituted the crime of attempt to commit rape, or the crime of assault with intent to commit rape, then appellant is not punishable under section 288. But if there be any one of those antecedent acts of lewd and lascivious conduct which, when viewed in the light of all that happened, does not necessarily constitute an attempt to commit rape or an assault with intent to commit rape, then the jury was free to convict appellant of the crime for which he was on trial. The question, then, resolves itself into this : Are the circumstances of the case such that if the jurors found that appellant committed all of the lewd and lascivious acts which preceded the final act of sexual penetration, they necessarily must also have found that each and every essential element of the crime of attempt to commit rape, or of the crime of assault with intent to commit rape, existed as to each of such antecedent acts? Before undertaking to answer this question we shall briefly consider the elements which constitute the crime of assault with intent to commit rape, and likewise those which constitute the crime of attempt to commit rape, where the victim is under the age of consent.

[3] It is the established law in this state that where the female is under the age of consent there may be an assault with intent to commit rape notwithstanding her actual consent. The reason is that in such cases the female cannot consent to the assault. The law resists for her. (*People* v. *Verdegreen,* 106 Cal. 211 [46 Am. St. Rep. 234, 39 Pac. 607]; *People* v. *Roach,* 129 Cal. 33 [61 Pac. 574]; *People* v. *Babcock, supra.*) In *People* v. *Babcock, supra,* the court says; " . . . one who lays his hands upon such a female, with the intent and for the purpose then and there to accomplish an act of sexual intercourse with her, is by so doing guilty of an assault with intent to commit rape, even though he does not use or intend in any event to use any force or violence, and the female in fact offers no resistance whatever, or even expressly consents to all he does. The

74 Cal. App.—35

offense is complete when he has thus laid his hands upon her with the intention of then and there accomplishing such purpose, and it is entirely immaterial that he subsequently voluntarily desists, without accomplishing his purpose."

[4] But though it is not necessary in such cases that force should be used or resistance made, and it is of no consequence that the female expressly consents, the existence of a specific intent in the mind of the accused then and there to have carnal connection with the girl is an essential element of the crime of assault with intent to commit rape. Indeed, the intent with which the accused touches the person of the female child is said to be the vital consideration in all such cases. As said in *People* v. *Dowell*, 136 Mich. 306 [99 N. W. 23] : "The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent." In such cases the laying of hands upon the female and the intent to have intercourse with her must concur as to time. (33 Cyc., p. 1435.)

[5] The crime of attempt to commit rape upon a girl under the age of consent is compounded of two elements, viz.: the intent to have sexual intercourse with her, and a direct act done toward its consummation but falling short of the execution of the ultimate design. [6] The overt act need not be the last proximate act to the consummation of the contemplated rape. It is sufficient if it be an act apparently adapted to produce the result intended. (See *People* v. *Lanzit*, 70 Cal. App. 498 [233 Pac. 816].) The act must, however, be something more than mere preparation. Acts of preparation—acts not proximately leading up to the consummation of the intended crime—will not suffice to establish an attempt to commit the crime. For instance, in *People* v. *Murray*, 14 Cal. 159, it was held that declarations of an intent to enter into an incestuous marriage, followed by an elopement for the purpose and sending for a magistrate to solemnize the ceremony, were mere acts of preparation and did not constitute an attempt to commit the crime. There the court says: "Between preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means

or measures necessary for the commission of the offense; the
attempt is the *direct* movement toward the commission after
the preparations are made.'' (Italics ours.) To make the
act an indictable attempt ''it must be a cause, as distin-
guished from a condition.'' (*Patrick* v. *People,* 132 Ill.
534 [24 N. E. 620], citing Wharton on Criminal Law.)
[7] To constitute an attempt to commit rape upon a fe-
male under the age of consent, the intention to know the
girl carnally must have existed in the mind of the accused
at the very time when he did the overt act or acts, for there
can be no attempt to commit a crime unless the intent to
commit it exists at the time when the attempt is made.
''Intention formed subsequent to the attempt,'' says Mr.
Wharton, ''will not be enough, as where a party having in
his possession indecent prints (not procured for publica-
tion) takes it into his head to publish them, but does not
actually publish them.'' (1 Crim. Law, 11th ed., sec. 215.)

[8] Reverting now to the two groups of acts which pre-
ceded the act of sexual penetration, and considering them
in their inverse order in the light of the foregoing: As to
the act included in the second of our three categories—the
act of pulling down the girl's bloomers ''to get inside''—
we shall assume, for the purpose of this decision only, that
an act of that character is one from which the jury, under
all the circumstances here disclosed, necessarily must have
inferred that it was done by appellant with the specific
intent then and there to have carnal connection with the
girl. We also shall assume, for the purpose of this decision
only, that this preliminary act reached so far forward
toward the accomplishment of the intended crime of rape
as to amount to the commencement of its consummation.
If these assumptions be indulged, the act constituted both
the crime of attempt to commit rape and the crime of as-
sault with intent to commit rape, and therefore it could not
be punished under section 288.

[9] No such assumptions as we have made with respect
to the act included in the second category can be made with
respect to those acts which we have grouped in the first
category, i. e., putting arms around the child, kissing her
and rubbing a hand over her bloomers. Those acts, suffi-
cient of themselves to constitute the lewd and lascivious
conduct which section 288 denounces (*People* v. *Rossin,* 37

Cal. App. 778 [174 Pac. 916]; *People* v. *Dabner,* 25 Cal. App. 630 [144 Pac. 975], were not of such an unequivocal character that it *necessarily* must be concluded therefrom, even when they are considered in the light of what ensued, that appellant then and there fully intended to follow them with one of sexual penetration. In cases where, as here, the specific intent with which an act was done is the all-important element of the crime, it is the peculiar province of the jury to determine, from all the circumstances of the case, the particular intent existing in the mind of the accused when he committed the act. "In such a case the intent is to be determined by and from the acts committed, and it is not for the judge, but for the jury, to say what particular intent follows from those acts." (*People* v. *Barker,* 137 Cal. 557 [70 Pac. 617].) The jury in this case undoubtedly would have been warranted in finding that when appellant was hugging the girl, kissing her and rubbing his hand over her bloomers he did so with the intent then and there to have carnal connection with her. But the existence of that specific intent at those particular moments is not the only possible conclusion which may reasonably be deduced from the circumstances of this case. It cannot be said with absolute certainty that when appellant put his arms about the girl, kissed her and rubbed his hand over her bloomers he then and there intended to follow those acts with one of actual sexual penetration. The jury may well have concluded that at this stage of his dastardly conduct appellant intended only to fondle his victim as a means of gratifying his lustful passions, and that later, emboldened by his success and further inflamed with passion, he conceived the nefarious intent to penetrate her body. The jurors, who saw appellant and thus had an opportunity to judge the character of his perverted instincts, were in a position to determine the nature of the intent which actuated him to fondle the girl in the manner he did. What was said in *Draper* v. *State* (Tex. App.), 57 S. W. 655, is apposite: " . . . Appellant may have had a morbid sexual desire; he may have fondled prosecutrix; he may have manipulated her parts with his hands; but evidently he did not intend to penetrate her female organ with his penis. . . . As stated before, he may have been afflicted with that form of sexual disease known as fetich-

ism, where the victim, laboring under venereal excitement, simply desires to gratify his lust by contact of his genital organs with any part of the body of a woman. . . . See this question of sexual diseases discussed in 2 Witthaus & B. Med. Jurisp., pp. 493–518." But irrespective of whether appellant was or was not a sexual pervert of the kind referred to by the Texas court, it is quite possible that the intent to penetrate the girl sexually was not definitely formed until, by fondling her person, he had so inflamed his demoniacal passions that he then for the first time became willing to throw all discretion to the winds and give to unbridled lust an unconstrained license. If this was the real state of things, and the jury may well have inferred that it was, then the antecedent acts of which we are now speaking would not constitute either an attempt to commit rape or an assault with intent to commit rape, and therefore appellant could properly be convicted for those acts under section 288 of the Penal Code.

[10] The fact that appellant's preliminary acts of lascivious conduct, in violation of section 288, were so closely followed by an act of rape that it is impossible to separate the evidence relating to the two crimes does not necessarily raise an insuperable barrier to his conviction of the former crime. It is well settled that one may commit two separate and distinct crimes, even though they are so closely connected in point of time that it is impossible to separate the evidence relating to them. (*People* v. *Devlin,* 143 Cal. 128 [76 Pac. 900]; *People* v. *Bentley,* 77 Cal. 7 [11 Am. St. Rep. 225, 18 Pac. 799].) In *People* v. *Devlin, supra,* the court says: "After one has entered a building with intent to commit any other felony than grand or petit larceny, he has committed burglary, but he may then find that it is impossible, for various reasons, to commit the felony which it was his intention to commit when he entered, and conclude to commit larceny by stealing some article of value in the building. He thus, in rapid succession, commits two crimes." In the Bentley case, *supra,* the court, quoting from *Teat* v. *State,* 53 Miss. 456 [24 Am. Rep. 708], says: " 'It is believed that no well-considered case can be found where a putting in jeopardy for one act,' or a conviction for one act, 'was held to bar a prosecution for another

separate and distinct one, merely because they were so closely connected in point of time that it was impossible to separate the evidence relating to them.' . . . If the offenses do not possess the same elements, although both relate to the same transaction, it would seem that both may be punished."

[11] The next point urged by appellant is that the court erred in refusing to give, at his request, the following instruction: "You are instructed that if you find from the evidence presented, beyond a reasonable doubt, that the private parts of defendant entered those of the prosecuting witness to any degree, then you shall return a verdict of acquittal." The refusal to give this instruction was not error. As we already have shown, there was evidence to warrant the jury in finding that, in addition to the crime of rape which occurred when the actual sexual penetration took place, there also was a preceding separate and distinct crime of lewd and lascivious conduct, punishable under section 288. It would have been improper, therefore, to instruct the jurors to acquit if they found that the crime of rape was committed.

[12] Finally, it is urged that the story of the complaining witness is improbable, and that the entire evidence in the case preponderates in appellant's favor. A review of the record satisfactorily shows that the testimony of the prosecutrix, if believed by the jury, was amply sufficient to sustain the verdict. As in prosecutions for other crimes, it is the peculiar and exclusive province of the jury in a prosecution for lewd and lascivious conduct with a child to determine what weight shall be given to the testimony of the complaining witness. (*People* v. *Lopez,* 51 Cal. App. 476 [197 Pac. 144]; *People* v. *Hinrich,* 53 Cal. App. 186 [199 Pac. 1058].) Though the record presents a sharp conflict in the evidence, as is usual in this class of cases, there is, as we have said, substantial evidence to support the verdict. The case therefore comes within the well-established rule that "if the evidence which bears against the defendant, considered by itself and without regard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone this court has jurisdiction—and becomes one of fact upon which the decision of

the jury and the trial court is final and conclusive." (*People* v. *Emerson*, 130 Cal. 562 [62 Pac. 1069].)

The judgment and the order denying a new trial are affirmed.

Works, J., and Craig, J., concurred.