[Crim. No. 6162.    Second Dist., Div. One.    July 9, 1958.]

THE PEOPLE, Respondent, v. JOSEPH RICHARD
SMITH, Appellant.

Ward Sullivan for Appellant.

Edmund G. Brown, Attorney General, and Morris Schachter,
Deputy Attorney General, for Respondent.

FOURT, J.—In an information in two counts, the defendant was charged in count I with unlawfully committing
a lewd and lascivious act upon the body of a 5-year-old female
child.  In count II, the defendant was charged with a similar
act as to the same child.  The defendant pleaded not guilty
and waived a jury trial.  The court found him guilty as to
the charge set forth in count II, and not guilty as to the
charge set forth in count I.  Three doctors were appointed by
the court, under the provisions of section 5504, Welfare and
Institutions Code, and the defendant was committed to

Atascadero State Hospital for observation and diagnosis for a period of not to exceed 90 days. He was found to be not a sexual psychopath.

A motion for a new trial was denied. Imposition of sentence was suspended and defendant was granted five years probation upon specified conditions. The defendant now appeals from the order granting probation, and from the order denying his motion for a new trial.

The child, age 5, lived with her mother and father (defendant herein). No useful purpose would be served by relating all of the testimony or the substance of the testimony in this particular case. Suffice it to say that the evidence does disclose, among other things, that the defendant caused the child to pursue a vulgar and inexcusable course of conduct with reference to his private parts. The defendant told the child that the matter was a secret and that she should not tell her mother, but the child, in any event, did relate the story to her mother.

The child's mother had put the youngster to bed about 9 o'clock p.m., on the date in question, and while the mother was in the living room, at about midnight, the child called for her to come to the bedroom. The child then complained to her mother about what had occurred. The defendant was "passed out" in the bedroom, and the mother went to a telephone in a market about two blocks away, and called one Betty Luttrell, and then returned to the apartment. About 5 o'clock a.m., Mrs. Smith asked the appellant if what the child had stated or complained of was true, and he answered, "If it is, I don't remember." The mother contacted the police shortly thereafter.

On February 22, 1957, at a police station, the appellant made some statements to the police. A policewoman who was there at the time testified in part as follows:

"Mr. Smith was asked about the complaint his daughter had made against him regarding his having her place her mouth on his private parts on the 18th of February. He stated that that was the day he could not well remember because both he and his wife had been drinking very heavily. They had picked the children up where they had left them for the day sometime in the afternoon, and the rest of the afternoon and evening were completely forgotten, as far as he was concerned, because he had been so much intoxicated.

"He stated that approximately two weeks prior to that

date, however, that he had his daughter hold his penis and kiss it, as he put it."

On further examination, this same witness stated:

"By Mr. Powell (Deputy Public Defender) Q. Did you ask him or did he say anything about going about the house without clothes on?

"He stated that he and his wife had walked around in the nude in the front of the children on occasion.

. . . . . . . . . . . . .

"Yes, as I recall. He can't explain his actions. He complained about being a heavy drinker and he didn't know why he did these things.

. . . . . . . . . . . . .

"He said he couldn't explain why he did it, as I recall the conversation.

. . . . . . . . . . . . .

"The Court: Did you ask him how many times this had occurred?

"The Witness: Yes, your Honor. We asked him if it had occurred more than once and he said, that's all, it had happened only once, and the day we mentioned, he couldn't remember that day at all. He had no memory of it, your Honor.

"By Mr. Powell: Q. Had he made denials of doing this prior to this statement of his? A. Well, of course, when we started talking, we thought the date was the 18th and we asked him that and he couldn't remember that. He volunteered the two weeks prior without our asking him.

"Q. He volunteered that? A. Yes."

Before the child was permitted to testify, certain questions were put to her by the judge and counsel, for the purpose of ascertaining whether she could be a witness. The child gave her correct age and answered that she would tell the truth to the judge and counsel if she were asked questions. She indicated that if she promised to tell the truth she would not be making anything up, and she nodded affirmatively when asked if she would get punished if she lied. The youngster then related that she went to kindergarten and demonstrated that she could count. When asked about how she had lost two front teeth she said, "Simple.

"Mr. Woodmansee (Deputy District Attorney): How?

"Stephanie Smith: You get them loose and they are out.

"Mr. Woodmansee: And is that what happened to your two front teeth?

"Stephanie Smith: Yes."

She related about her younger 3-year-old brother, and told of their living where there were some other children (Juvenile Hall). At the preliminary hearing, the child was asked if she knew what happened to little girls who did not tell the truth, and she answered, "You get put in jail."

The trial court held, in effect, that under section 1880, Code of Civil Procedure, the child did appear capable of receiving just impressions of the facts respecting which she was to be examined, or of relating them truly, and that she would be a competent witness. (*People* v. *Goff*, 100 Cal.App. 2d 166, 170 [223 P.2d 27]; *People* v. *Arcia*, 85 Cal.App.2d 127, 129 [192 P.2d 31]; *People* v. *Denton*, 78 Cal.App.2d 540, 545-546 [178 P.2d 524].)

The trial judge had the child before him, and he was in a better position to determine her competency than we are (*People* v. *Lopez*, 51 Cal.App. 476, 477 [197 P. 144]), and in the absence of some showing of an abuse of discretion, the determination of the trial judge should not be disturbed on appeal. (*People* v. *Freeman*, 24 Cal.App.2d 619, 621 [75 P.2d 640].)

Furthermore, the trial judge had the opportunity of seeing and hearing the child throughout the trial, and from what took place at the hearing he must have been satisfied that the child was a competent and proper witness. We have the benefit of the entire record made by the witness, and we do not necessarily need to restrict ourselves to the voir dire examination to review the question of her competency. (*People* v. *Freeman*, *supra*; *People* v. *Morcumb*, 28 Cal.App.2d 465, 467 [82 P.2d 714]; *People* v. *Lamb*, 121 Cal.App.2d 838, 844 [264 P.2d 126]; *People* v. *Ernst*, 121 Cal.App.2d 287, 290-291 [263 P.2d 114].)

Our reading of the entire record convinces us that the trial judge reasonably concluded that the child had the capacity to receive impressions and to relate them truthfully.

The orders granting probation and denying appellant's motion for a new trial are, and each is, affirmed.

White, P. J., and Lillie, J., concurred.