FRANK TERRIBLE, APPELLANT, *v.* THE STATE
OF NEVADA, RESPONDENT.

No. 4450

March 28, 1962                    370 P.2d 51

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General, *John F. Mendoza,*
District Attorney, Clark County, *Charles L. Garner,*
Deputy District Attorney, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Appellant was held to answer in the district court by
order of the committing magistrate following a pre-
liminary hearing on the charge of lewdness with a
minor. The present appeal is from denial by the district
court of his petition for a writ of habeas corpus.

The sole question for our determination is whether
the complaining witness, a minor girl of the age of six
and one-half years, was a competent witness. If she was
not, a reversal must follow. If she was, the order deny-
ing the writ must be affirmed. Both parties concede

that such is the situation. We have concluded that she was a competent witness.

NRS 48.030 reads in part: "The following persons cannot be witnesses:

* * * * *

2. Children under 10 years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

The child was given a voir dire examination to test her qualifications as a witness under the statute, and was then permitted to testify to the facts before the magistrate. Appellant centers his attack on the sufficiency of the child's qualifications as shown by the pre-examination, and insists that such showing cannot be reinforced by the testimony given by her after she was sworn as a witness.

Although numerous cases have been cited in which the preliminary examination of the witness was held sufficient to prove her competency under a showing even less convincing, in our opinion, than that in the present case (see Yarbrough v. State, 202 Miss. 820, 32 So.2d 436; People v. Carpenter, 3 Cal.App.2d 746, 40 P.2d 524; People v. Loignon, 160 Cal.App.2d 412, 325 P.2d 541), we do not find it necessary to review such showing because it is clear to us that the testimony given by the child after she was sworn amply supplies proof of her competency as a witness. That it is proper to consider such testimony clearly appears from the holding in People v. Lamb, 121 Cal.App.2d 838, 264 P.2d 126, where the court said: "In determining whether a child sufficiently can recollect and narrate, the appellate court is not limited by the *voir dire* examination, but may examine the subsequently given testimony. Subsequently given testimony, if clear, relevant and coherent, may be used to support the ruling on qualifications. People v. Walker, 112 Cal.App. 146, 296 P. 692; People v. Arcia, 85 Cal.App.2d 127, 192 P.2d 31; People v. Denton, 78 Cal.App.2d 540, 178 P.2d 524; People v. Gibbons, 83 Cal.App.2d 504, 189 P.2d 37." Accord: People v. Pike, 183 Cal.App.2d 729, 7 Cal.Rptr.

188; People v. Smith, 162 Cal.App.2d 66, 327 P.2d 594; People v. Burton, Cal.App., 6 Cal.Rptr. 124. In People v. Lamb, supra, several children under the age of 10 years were called as witnesses. With reference to each child separately, the court held that her testimony after being sworn could be considered in addition to what she said on voir dire examination, to show her competency under the statute.

In the same case the court expressed the well-nigh universal rule: "The trial judge, because of his ability to see how the child acts on the stand, possesses considerable discretion in determining whether a child under ten possesses these qualifications. [Citing cases]" Accord: People v. Smith, supra; People v. Loignon, supra; People v. Burton, supra; People v. Delaney, 52 Cal.App. 765, 199 P. 896. To like effect see Wigmore, Evidence, sec. 509.

All the cases cited above and all other cases cited by the parties having to do with the propriety of considering the actual testimony of the child after being sworn, as well as the answers to the questions on voir dire, involved jury trials. A fortiori, then, such rule should apply in a hearing before a magistrate, where no jury is exposed to possible prejudice. McCormick, Evidence, sec. 62, p. 140.

Affirmed.

MCNAMEE and THOMPSON, JJ., concur.