DENNIS RAYMOND LANOUE, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 13718

April 21, 1983                                          661 P.2d 874

*Morgan D. Harris,* Public Defender, and *William P. Henry,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of sexually assaulting his ten-year-old daughter, Cassandra Lanoue, and sentenced to life in prison. On appeal, he contends that the district court erred by finding a five-year-old witness competent to testify. We agree.

Appellant was initially charged with committing an act of fellatio with Cassandra, and one act each of fellatio and cunnilingus with Cassandra's friend, twelve-year-old Jennifer.[1] As part of its case in chief, the prosecution sought to introduce testimony of appellant's other daughter, five-year-old Dawn Lanoue. After conducting a voir dire examination, the district court declared her a competent witness. She was then permitted to testify concerning an uncharged act of prior sexual misconduct (sexual intercourse between appellant and Cassandra) that Dawn allegedly observed on an unspecified date. Appellant argues that even if Dawn's testimony was admissible on substantive grounds, *e.g.* to show intent, *see* NRS 48.045(2); Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978), the district

---

[1]Appellant was acquitted of the two charges involving Jennifer.

court's determination of competency was erroneous and Dawn should not have been allowed to testify.

"The standard of competence for a child witness is that the child must have the capacity to receive just impressions and possess the ability to relate them truthfully." Wilson v. State, 96 Nev. 422, 423, 610 P.2d 184, 185 (1980). On review of a finding of competency, we are not confined to a review of the voir dire examination, but may "look to the subsequent testimony as well, which may support a finding of competence 'if clear, relevant and coherent,' " and we will not disturb a finding of competency absent a clear abuse of discretion. *Id.,* quoting Terrible v. State, 78 Nev. 159, 160, 370 P.2d 51 (1962).

Both the voir dire and testimony of Dawn Lanoue reveal serious deficiencies in her ability to receive accurate impressions of events and truthfully relate them. Although she was permitted to testify regarding an event that allegedly took place some months prior to trial, she could not recall events which had transpired in the courtroom within the previous one-half hour. Her testimony was considerably vague on several material matters. At one point she stated she did not know what it meant to tell the truth. She twice stated it was "bad" to tell the truth, and several times indicated considerable confusion concerning the concepts of truth and falsehood.

The court below was not without doubt regarding Dawn's competency, stating at one point that "the only way these questions are going to be answered is if they're placed in her mouth and we go through something that's rehearsed."[2] The court, while allowing Dawn to testify, initially ruled her testimony admissible only "to show the credibility of the witnesses," and for no other purpose.[3] The witness' subsequent trial testimony is not "clear, relevant and coherent," and suggests a substantial amount of coaching and rehearsing, a factor decidedly relevant in child-witness competency determinations. *See* Wilson v. State, *supra* at 427 (MANOUKIAN, J., dissenting); *see also* Jordan v. People, 419 P.2d 656 (Colo. 1966), *cert. denied,* 386 U.S. 992 (1967).

From our review of the voir dire and testimony, we conclude

---

[2] Respondent contends that this remark was addressed to a particularly narrow line of questioning abandoned by the district attorney. We disagree, and consider the remark directed to the witness' responses to all the questions asked.

[3] This ruling was later reversed by the district court, and the jury was instructed that Dawn's testimony was admissible on substantive grounds.

that the district court abused its discretion by finding the witness competent. Since counsel for respondent conceded at oral argument that Dawn Lanoue's testimony contributed to the verdict, the error cannot be considered harmless and mandates reversal of the judgment. Accordingly, we need not reach the other contentions raised by appellant.[4]

The judgment of conviction is reversed and the matter is remanded to the district court for further proceedings.

---

[4]For the guidance of the district court and the parties in the event of retrial, we note that it appears the uncharged acts of sexual misconduct testified to by the witness Valarie O. would be admissible to show intent. *See* Findley v. State, *supra;* McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978).