JERRY FRANK SMITH, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 15309

October 4, 1984                                        688 P.2d 326

[Rehearing denied December 24, 1984]

*Goodman, Terry, Stein & Quintana,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Appellant was convicted by a jury of sexually assaulting his girlfriend's six-year-old daughter. He presently challenges the propriety of allowing certain witnesses to testify at his trial. For the reasons expressed below, we affirm.

The case involves child sexual abuse in a family setting. Appellant lived with his girlfriend and her daughter. Testimony indicated that the child looked upon appellant as her father. While appellant's girlfriend worked, he stayed home and supervised the child. On September 20, 1982, the child told her mother that appellant had been sexually molesting her. The mother waited for three days before she took the child to be examined by a doctor and reported the assaults to the police. Thereafter, appellant was tried and convicted of nine counts of sexual assault.

Appellant now contends that the district court erred by allowing a witness for the state to give expert testimony concerning the dynamics of intrafamily child sexual abuse. Appellant does not complain that the witness was unqualified to give such expert testimony. He does assert, however, that the testimony invaded the province of the jury in determining the facts of the case.

Prior to allowing the witness to testify, the district court heard arguments from counsel regarding the need for expert testimony. The prosecutor noted that the defense had raised certain issues regarding the behavior of the mother and child. For example, on cross-examination of the child, defense counsel asked her why she had delayed in reporting the attacks to her mother. On cross-examination of the mother, defense counsel asked why she had delayed in reporting the attacks to the police and why she had delayed in seeking medical aid for her daughter. The prosecutor concluded that expert testimony would assist the jurors in understanding this seemingly unusual behavior. Defense counsel, on the other hand, argued that the jurors could understand the behavior of the family members based on their own common knowledge and experience. He concluded that the testimony would not aid the jurors in determining facts, and would only serve to bolster the credibility of the state's witnesses.

The district court thereafter determined that the expert should be allowed to testify. The expert explained, among other things, that family members often delay in reporting that the father or father figure has been sexually abusing his children.

Our statute regarding expert testimony provides that the testimony should be allowed if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." NRS 50.275. The admissibility of expert testimony lies within the sound discretion of the trial court. *See* Childers v. State, 100 Nev. 280, 680 P.2d 598 (1984).

In State v. Middleton, 657 P.2d 1215 (Or. 1983) the court dealt with the subject of expert testimony in a sexual abuse case. After the rape, but before trial, the child ran away from foster care, skipped school, and wanted to retract her charge of rape against her father. An expert testified that the child's post-crime behavior was similar to that of other sexually abused children. The Oregon Supreme Court held that the expert's testimony did not invade the province of the jury. In so holding, the court ruled as follows:

> If a complaining witness in a burglary trial, after making the initial report, denied several times before testifying at trial that the crime had happened, the jury would have good reason to doubt seriously her credibility at any time. However, in this instance we are concerned with a child who states she has been the victim of sexual abuse by a member of her family. The experts testified that in this situation the young victim often feels guilty about testifying against someone she loves and wonders if she is doing the right thing in so testifying. It would be useful to the jury to know that not just this victim but many child victims are ambivalent about the forcefulness with which they want to pursue the complaint, and it is not uncommon for them to deny the act ever happened. Explaining this superficially bizarre behavior by identifying its emotional antecedents could help the jury better assess the witness's credibility. *Id*. at 1219-20.

We agree with the court's holding in *Middleton*. In this case we are concerned with a child who stated that she had been a victim of sexual abuse by her father figure. The expert testified that in this situation the young victim often feels guilty about testifying against someone she loves, and the victim therefore delays in reporting the incidents to other family members. The expert also testified that once the abuse is disclosed to the child's mother, the mother often delays in reporting the crime because she feels torn between her love for the child and her love for the father figure. Under these circumstances, the district court did not abuse its discretion by admitting the expert testimony and by ruling that the testimony would assist the jury

in understanding the superficially unusual behavior of the victim and her mother.

Appellant's remaining contention concerns the admissibility of the testimony of the victim, who was seven years old at the time the case was tried. Appellant now contends that the victim was not competent to testify at trial.

This court will not disturb a finding of competency absent a clear abuse of discretion. Terrible v. State, 78 Nev. 159, 370 P.2d 51 (1962). "The standard of competence for a child witness is that the child must have the capacity to receive just impressions and possess the ability to relate them truthfully." Wilson v. State, 96 Nev. 422, 423, 610 P.2d 184, 185 (1980). Upon reviewing the voir dire examination of the witness, as well as her testimony at trial, we cannot say that the child's testimony was so inherently improbable as to justify reversing the trial court's finding of competency. *Id.* at 424, 610 P.2d at 186. Furthermore, the majority of the child's testimony was clear, relevant and coherent. *Cf.* Lanoue v. State, 99 Nev. 305, 661 P.2d 874 (1983) (competency determination was improper where trial testimony of a five-year-old witness was not clear, relevant and coherent and suggested a substantial amount of coaching).

Appellant's contentions are meritless. Accordingly, the judgment of conviction is affirmed.