# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY NATHANIEL PERRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72006

FILED

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of drawing and passing a check without sufficient funds with the intent to defraud. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Gregory Perry was indicted in 2009 for passing checks not backed by sufficient funds to satisfy markers he gave the Palazzo Hotel and Casino and the Venetian Resort and Casino. Eight months after the indictment, Perry filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, on which he listed all known casino debts. A jury found Perry guilty on both counts, and the matter was set for sentencing. Perry failed to appear for sentencing, and a bench warrant was issued. During this time, Perry's casino debts were discharged in bankruptcy, effective March of 2013. Perry was taken into custody on November 2, 2016.

On November 9, 2016, four years after entry of the jury verdict, Perry filed a motion for mistrial, new trial, or to vacate the verdict. The district court subsequently entered its judgment of conviction, sentencing Perry to 24 to 48 months, and ordering him to pay restitution in the amount of $245,000. By written order dated December 14, 2016 but filed December 19, 2016, the district court denied Perry's motion for mistrial, new trial, or to vacate the verdict as untimely. *See* NRS 176.515(4) ("A motion for new

17-31618

trial based on [grounds not enumerated in NRS 176.515(1)-(3)] must be made within 7 days after verdict or finding of guilt or within such further time as the court may fix during the 7-day period."). Perry now appeals, arguing that NRS 205.130, Nevada's bad check statute, is facially unconstitutional.

*Preservation of issues*

This matter comes before the court under NRAP 3C, governing fast-track appeals. Perry represents that he preserved the issues he seeks to have this court address at trial and in his posttrial motion for mistrial or, in the alternative, to vacate the verdict, but neither the trial transcript nor the relevant motion are included in the record. *See* NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."); *cf.* NRAP 3C(e)(1)(C) (requiring citation to the appendix to support statements of fact in the fast-track statement). Furthermore, the district court appears to have properly denied his post-trial motion as untimely under NRS 175.381 and 176.515. This would ordinarily result in summary affirmance, *see Huckabay Props. v. NC Auto Parts*, 130 Nev. 196, 203, 322 P.3d 429, 434 (2014) ("[W]hen an appellant fails to adhere to Nevada's appellate procedure rules, which embody judicial administration and fairness concerns, or fails to comply with court directives or orders, that appellant does so at the risk of forfeiting appellate relief."), but the State, in its fast track response, concedes that the issues raised by Perry were properly preserved below. *See Lanoue v. State*, 99 Nev. 305, 308, 661 P.2d 874, 875 (1983) (accepting respondent's concession that witness's testimony contributed to the verdict in holding that the district court's error was not harmless); *Tam v. Eighth Judicial District Court*, 131 Nev., Adv. Op. 80, 358 P.3d 234, 238-39 (2015) (holding that this court may in its discretion address a constitutional issue raised for

the first time on appeal). While we affirm the decision of the district court to deny Perry's post-trial motion as untimely, given the State's concession, we proceed to the merits of the legal issue tendered on appeal.

*NRS 205.130 is constitutional*

Perry argues that NRS 205.130 is facially unconstitutional because it eliminates the requirement that a guilty mind be present at the time of the alleged offense by creating a presumption of intent to defraud when there are insufficient funds at the time of presentment, as opposed to when the check is drawn and passed. This is improper, Perry argues, because knowledge and intent must exist at the time of the alleged offense, not at some point in the future.

The constitutionality of a statute is a question of law that this court reviews de novo. *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." *Id.* (internal footnote omitted). In addition, "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *State v. Castaneda*, 126 Nev. 478, 481, 245 P.3d 550, 552 (2010) (internal quotation marks omitted).

"Nevada's bad check statute, NRS 205.130(1), prohibits a person 'with an intent to defraud,' from drawing or passing a check or draft to obtain credit extended by a licensed gaming establishment (commonly in the form of a casino marker)." *Zahavi v. State*, 131 Nev., Adv. Op. 7, 343 P.3d 595, 599 (2015). Under this statute, the elements of the crime are "(1) intent to defraud, (2) the making or passing of a check for the payment of money, and (3) without sufficient funds in the drawee institution to cover said check in full upon its presentation." *Id.* at 602 (internal quotation

Supreme Court
OF
Nevada

(O) 1947A

3

marks omitted).  For purposes of satisfying the intent element, NRS 205.132 creates a rebuttable presumption of knowledge of insufficient funds and an intent to defraud under three specific instances:

> if the check is drawn on an account that does not exist; payment is refused by the drawee upon presentment of the check; [or where there is] notice of refusal of payment that is mailed to the drawer by registered or certified mail is returned because of nondelivery.

*Zahavi*, 131 Nev., Adv. Op. 7, 343 P.3d at 600.

Perry fails to clearly show invalidity.  In particular, NRS 205.132 does not negate the intent requirement set forth in NRS 205.130; it merely creates a rebuttable presumption.  A defendant has several options for negating this presumption, including demonstrating "that the casino had knowledge that the person obtaining the marker did not have sufficient funds to cover the marker at the time it was executed," *id.*, or demonstrating that the person had sufficient funds at the time of drawing or passing the check.

Perry further argues that a defendant cannot commit a knowingly illegal act when the intent element is satisfied by some act in the future.  NRS 205.130, however, does not change the time at which intent must be found.  The rebuttable presumption merely allows for intent to be demonstrated circumstantially, at the time the check was drawn or passed.  Thus, intent is still required at the time of the alleged offense.  Contrary to Perry's argument, NRS 205.130 does not require that defendants "predict the future in order to know that they will not have sufficient funds when the casino decides to cash in," or "psychically forecast market fluctuations that can impact the value of their assets months later."  And, to the extent that Perry argues that the rebuttable presumption established by NRS

205.132 is unconstitutional, the Supreme Court of the United States and other states have rejected analogous claims. *See Tot v. United States*, 319 U.S. 463, 467-68, (1943) (holding that a statutory presumption must contain a "rational connection between the fact proved and the ultimate fact presumed"); *see also, e.g., Smithson v. State*, 438 S.W.2d 61, 66 (Tenn. 1969) (explaining that presumption of fraudulent intent was permissible where "there is a natural, rational, and evidentiary relation . . . between the results of issuing [a] check and it coming back and showing no funds").[1]

For these reasons, and having considered Perry's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

---

[1]We do not reach Perry's remaining contention that NRS 205.130 violates the Supremacy Clause of the United States Constitution. Perry fails to perform any cogent analysis explaining how NRS 205.130 conflicts with or overrides bankruptcy laws. Furthermore, he fails to cite to any caselaw in support of his proposition that a discharge under 11 U.S.C. § 524(a)(2) operates to enjoin the grant of restitution in state criminal proceedings. Accordingly, we need not reach this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

cc:   Hon. Douglas Herndon, District Judge
Mueller Hinds & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk